WILLIAM S. CARROLL, Respondent, v. R. M. HARGETT, Appellant.

### Kansas City Court of Appeals, March 26, 1894.

**Appellate, Practice:** WHEN, AFFIRMANCE. When the evidence would support a verdict for either party and the instructions clearly and fairly state the issues to the jury, the appellate court will affirm.

Carroll v. Hargett.

*Appeal from the Morgan Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*A. L. Ross* for appellant.

*John A. Blevins* for respondent.

ELLISON, J.—This is an action to recover the balance claimed as the consideration for the sale of a tract of land by plaintiff to defendant. Plaintiff recovered the alleged balance of $146.41, and defendant appeals.

It appears that plaintiff was indebted to defendant in the sum of $844.66, and that he owed to one Townley a note of $1,464.10, including interest, secured by deed of trust on the land. Defendant called upon plaintiff for the payment of the former debt. The result of their negotiation was that plaintiff sold the land to defendant for a consideration as expressed in the deed of $2,455.17. The contention between the parties is whether this amount is the true consideration agreed upon. Defendant's contention is that the consideration as agreed upon was that he should cancel his claim of $844.66 which he held against plaintiff and to assume and discharge the Townley debt, which would make a consideration of $2,308.76, instead of $2,455.17, as expressed in the deed. Plaintiff's contention is that the consideration expressed in the deed was the true consideration for his land and was the price at which he sold it; that while it was thought the two debts amounted to that sum and that a settlement of the debts would be a payment of that sum; yet, in point of fact, by mistake in calculation, the Townley note was made to appear to be $146.41 more than was justly due

thereon; that if the Townley debt had been so large as it was erroneously supposed to be, the discharge of both debts would have been a full payment of the consideration agreed upon. In other words, the dispute between the parties is that defendant says he was to pay plaintiff's said debts for his land, and plaintiff says that defendant was to pay him $2,455.17, as expressed in the deed, it being supposed that such sum represented the amount of the debts.

There was evidence sufficient to sustain a verdict for either party. The instructions have been examined in the light of the criticism offered by defendant's counsel, and we have concluded that they state the issues to the jury in all respects in a substantially clear and fair way. Nor do we discover any error in the ruling which the court made as to rejecting evidence offered in behalf of defendant by witness Townley. In our opinion it was immaterial. The case concedes that there was a mistake in the amount supposed to be due on the Townley note. We can discover nothing which would justify us in setting aside the judgment which has followed the verdict, and, therefore, order its affirmance. All concur.