T. P. HAMILTON et al., Appellants, v. WABASH RAILROAD
COMPANY, Respondent.

St. Louis Court of Appeals, May 23, 189ɔ.

**Common Carrier:** LIABILITY FOR DELAY IN SHIPMENT OF LIVE STOCK:
WAIVER OF CONDITION. To constitute a waiver of a condition in a
contract by conduct, the acts relied upon must operate against the
party, by way of estoppel, or if nonliability is placed on other
grounds than failure to perform the condition, declarations to that
effect must have been made while the right to perform the condition
remained.

*Appeal from the Audrain Circuit Court.*—HON.
ELLIOTT M. HUGHES, Judge.

AFFIRMED.

R. D. ROGERS for appellants.

The loss occasioned by the decline of twenty-five cents a
hundred in the sheep market from the twentieth of July,
when the lambs should and would have been sold if trans-
ported with diligence and in the usual and customary time, to
July 21, when the lambs were sold, by reason of defendant's
negligence in transporting the same, is an element of damage
for which the defendant is liable, and the refusal of the trial
court to so instruct was error for which the case should be re-
versed. Armstrong v. Railroad, 17 Mo. App. 403; Gann v.
Railway, 72 Mo. App. 40; Tandy & Davis v. Rail-
road, 68 Mo. App. 431. Even if the failure to give notice of
damage in five days were a complete bar to a recovery by plain-
tiffs of the loss due to extra shrinkage; and the gaunt,
shrunken and languid condition of the lambs arising from de-
lay in transit, the court yet committed reversible error in
sustaining the demurrer to the evidence because the question

of loss and damage due to the decline in the market from the twentieth to the twenty-first of July is not such damage as requires notice thereof to be given under the contract. Leonard v. Railway, 54 Mo. App. 300-302. Question of waiver when there is any evidence at all is one for the jury. Fink v. Ins. Co., 60 Mo. App. 677; Charles v. Patch, 87 Mo. 450, 462; Twohey v. Fruin, 96 Mo. 104, 109.

GEORGE S. GROVES for respondent.

Upon the pleadings and all the evidence in this case, the plaintiff was not entitled to recover, and therefore the court below properly directed a verdict in the defendant's favor. Clark v. Railroad, 39 Mo. 191; Ballentine v. Railroad, 40 Mo. 391; Kellerman v. Railroad, 136 Mo. 189; Dawson v. Railroad, 76 Mo. 514; Vaughn v. Railroad, 62 Mo. App. 561; Hance v. Railroad, 48 Mo. App. 183. The instructions asked by plaintiff were properly refused, under any theory of the case. Authorities cited *supra*.

BIGGS, J.—The plaintiff sues for damages caused by delay in the shipment of two car loads of lambs from Mexico to Chicago. The following facts seem to be undisputed. The stock was started from Mexico about eight o'clock on the morning of July 19, 1897. The train was then two hours behind its schedule time. The cars containing the lambs reached East St. Louis too late for the afternoon stock train to Chicago over defendant's road. The cars were delayed at East St. Louis from about 5 o'clock p. m. until 9:05 p. m., when they were attached to a mixed train bound for Decatur, Illinois. The sheep arrived at Decatur at 3:30 a. m., July 20, and remained there until 12:20 p. m., when another train was made up and the transportation resumed, arriving at Chicago at 11:30 p. m. The schedule or usual time from Mexico to Chicago is between twenty and twenty-four hours, and if connection had been made at East St. Louis with the

regular live stock train going to Chicago, the lambs would have arrived there on the morning of July 20, in time for the market of that day.   The lambs were sold on the market the next day.   The plaintiffs claim that on account of the delay in the shipment (which they charged was caused by the negligence of the defendant) they sustained damages, to wit, on account of extra shrinkage, $70.40; on account of the weary, weak and languid condition of the lambs, $31.75, and by reason of the decline in the market for such stock between July 20 and 21, $7.80.   At the conclusion of the evidence the circuit court instructed the jury that under the pleadings and evidence the verdict should be for the defendant.   The verdict was so rendered and judgment entered thereon, from which the plaintiffs have appealed.

The contention of defendant, in support of the instruction of the court, that no negligence was proved or could be attributed to the defendant in the transportation of the sheep, is not borne out by the record.   The shipment was under a written contract limiting, in some respects, the common law liability of the defendant as a common carrier, and also placing a limitation on the authority of its local agents.   This contract was entered into in consideration of a lower rate of freight.   One of its provisions is that the agents of the company were prohibited from contracting for the transportation and delivery of live stock within any specified time.   No claim is made by plaintiffs in opposition to this clause of the contract.   Their contention is, and they so testified, that the defendant's agent at Mexico represented to them that the train upon which they shipped, although late, had time to get to East St. Louis before the departure of the live stock train to Chicago, and that relying on this representation they made the shipment on that day.   The evidence of the defendant shows that this representation, if made, was false.   The train made schedule time from Mexico to East St. Louis, and it is conceded that it arrived at the latter place too late for the Chicago

train.   Again, there is testimony tending to prove negli-
gence in the transportation of the sheep from East St. Louis to
Chicago.   The stock was started from East St. Louis to Deca-
tur in a mixed train.   This train made no immediate connec-
tion with any other train to Chicago, in consequence of which
the lambs remained in the cars at Decatur for ten or eleven
hours.   This delay ought to have been avoided.   It would
have been far better if the lambs had been unloaded at East
St. Louis and started later on a through train.   We conclude
that there was substantial evidence of negligence by defendant
in the shipment of the stock, therefore the action of the court
in giving the instruction must be supported, if at all, on other
grounds.

The tenth clause of the contract reads as follows:   "In
consideration of the rate aforesaid it is further agreed, that no
claim for damages which may accrue to the party of the second
part under this contract shall be allowed or paid by the party
of the first part, or sued for in any court, by the party of the
second part, unless a claim for such loss or damage shall be
made in writing, verified by the affidavit of the party of the
second part, or his or their agent, and delivered to the general
freight agent of the party of the first part, at his office in the
city of St. Louis, within five (5) days from the time said stock
is removed from said cars."   This clause was pleaded as a de-
fense to the action.   The plaintiffs admitted a failure to give
the notice and averred that the defendant had waived it.   As
proof of such waiver the plaintiffs offered in evidence a letter
from an agent of defendant at Chicago, dated November 26,
1897, in reference to plaintiffs' claim for damages, in which
all liability for the delay in the transportation of the lambs
was denied, upon the ground that the defendant did not obli-
gate itself to make any particular time, and that as the delay
was unavoidable there was no liability.   The plaintiffs also
offered in evidence a similar letter from another agent of
defendant at St. Louis, of date December 21, 1897.   Did the

Hamilton v. Wabash R. R. Co.

letters tend to prove the alleged waiver? If so, they should have been admitted in evidence. It will be observed that the letters were written several months after the shipment, and long after the expiration of the time for giving the notice of the claim for damages. The Kansas City Court of Appeals holds that to constitute a waiver of a condition in a contract by conduct, the acts relied on must operate against the party by way of estoppel, or if nonliability WAIVER: estoppel. is placed on other grounds than failure to perform the condition, declarations to that effect must have been made while the right to perform the condition remained. (Mensing v. Ins. Co., 36 Mo. App. 602; Maddox v. Ins. Co., 39 Mo. App. 198.) Under this view it is perfectly clear that the letters had no tendency to prove a waiver for the reason that they were written long after the time for giving the notice of the damage had expired. Our ruling on the question of waiver has been different. In Stipel v. Ins. Co., 55 Mo. App. 224, and Fink v. Ins. Co., 60 Mo. App. 673, we held that waiver was a question of intention, and that to establish the waiver of a condition in a contract the elements of an estoppel *in pais* need not exist. We therefore ruled that acts or declarations happening or made after the time prescribed for the performance of the condition might be shown, provided they had any tendency to prove a previous intention to waive the condition. We still adhere to our view of the law. However, the rule does not apply here, for the reason that the defendant in the letters denied all liability which could not at that time be treated as a waiver of anything. In the Fink case, *supra*, the question was whether the insurance company had waived formal or accurate proofs of loss. The subsequent acts and declarations of the agents of the company which could be fairly construed as a recognition of an existing liability under the policy were admitted in evidence by the trial court. We held the evidence compe-

tent as tending to prove a previous intention to dispense with other and more definite proofs.

But the plaintiffs insist that the notice of the claim for damages applies only to damage to the animals, and not to damage suffered by plaintiffs on account of the decline in the market. From this standpoint the insistence is that there could be a recovery for this item of damage, although the notice was not given. We are referred to Leonard v. Railroad, 57 Mo. App. 300, as authority for this contention. The decision in that case is no authority here, for the reason that the two contracts are different. There the contract contained this clause, to wit: "It is further mutually agreed that should loss or damage of any kind occur to the property specified in this contract while such property is in the possession of said first party, the second party shall in five days after such loss or damage has accrued give notice in writing of his claim to the first party." The damages mentioned are damages to the property itself. This is the plain reading of the contract. We think that the Kansas City Court of Appeals rightly applied and confined the requirements of this clause of the contract to such damages. The contract we have here is broad and comprehensive, and covers all claims for damages arising out of delay in the transportation of the sheep. The language is, "No claim for damages which may accrue to the second party under this contract shall be allowed * * * unless a claim for such loss or damage shall be made in writing, verified by affidavit * * * and delivered to the general freight agent of the first party at his office in the city of St. Louis within five days from the time the said stock is removed from said cars, etc." The judgment of the circuit court will be affirmed. All concur.