Brown *v.* Wood.

BROWN, Appellant, *vs.* WOOD, Respondent.

1. The contents of an instrument which is shown to be beyond the jurisdiction of the court may be proved by parol evidence.
2. A party cannot introduce evidence for the sole purpose of discrediting his own witness; but when he calls a witness to establish a fact, who disappoints him, he may prove the same fact by another witness, although in so doing, he may discredit the first witness.

*Appeal from St. Louis Law Commissioner's Court.*

*C. C. Carroll,* for appellant.
*Blennerhassett & Shreve,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

Brown sued Wood for labor and materials, before a justice of the peace in attachment. The suit was commenced on the 2d December, 1852, and the account was dated 11th September, 1852. On an appeal being taken to the law commissioner's court, the account of the plaintiff was shown to be just, and it appeared that the labor had been done. A witness for the plaintiff, the brother of the defendant, testified that he had been acting for his brother, the defendant, since the first of January, 1853, under a power of attorney; that there was another power of attorney, dated about December, 1851, but he was informed that said paper was defective, and it was sent back to Wisconsin several months ago, and the new power, under which he was now acting, was substituted for it. The witness then stated that the services charged for by the plaintiff were rendered for the witness long before he had any power of attorney, of any kind, from the defendant; that he contracted for the services for himself, and that the defendant's name was never mentioned in connection with the contract. The defendant was sued as a non-resident of this state. The plaintiff, before the trial, had given notice to produce the defective power of attorney, spoken of above by the witness. This notice was served on the witness above mentioned, as the agent of the de-

fendant. The paper was not produced on the trial, and the plaintiff, after the evidence above stated was given, offered to give parol evidence of the contents of said instrument, which was disallowed, and thereupon, he excepted and has brought the case here.

1. As it appears from the evidence that the paper was beyond the jurisdiction of the court, parol evidence was admissible, in order to show its contents. 3 Mon. 532. 9 Cow. 115. 7 Pick. 10.

2. The objection that the production of the paper would have discredited the witness, who was sworn for the plaintiff, cannot avail. A party cannot discredit his own witness, that is, he cannot introduce evidence whose sole purpose is to discredit his witness ; but when he introduces a witness, in order to establish a fact, and that witness disappoints him, and fails to prove it, the party is not precluded from proving the fact by another witness, although, in so doing, he may show the first witness guilty of perjury. This witness was introduced to establish an agency on his part, for the defendant. Now, as he failed to do this, the fact may be proved by another witness, although the first witness will thereby be impliedly discredited.

The other judges concurring, the judgment will be reversed, and the cause remanded.