WILLIAM CAMP, Adm'r of JOHN P. CAMP, Appellant, *v.* PATRICK D. HEELAN, Respondent.

43 591
87a 633

1. *Practice, Civil—Instructions.*—Instructions presenting issues not raised by the pleadings, or not predicated upon testimony, are improper.

*Appeal from St. Louis Circuit Court.*

*Isaac T. Wise,* for appellant.

*Slayback & Spencer,* for respondent.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff sues upon a negotiable promissory note drawn by the defendant, and payable to the order of the St. Louis, Cairo & Johnsonville Packet Company. The petition avers that the payees, for value, indorsed and delivered the note, while current, to John P. Camp, the original plaintiff, now deceased. The answer admits the execution of the note, but denies its transfer; denies that the party indorsing it was the treasurer or other agent of the packet company, having authority to indorse the note and pass the title; and then sets up, as an affirmative defense, that the note was obtained from the defendant through the fraudulent practices of the packet company's agents, and that Camp had notice of the fraud at the time the note was negotiated.

The trial was by jury, and resulted in a verdict and judgment for the defendant. The plaintiff brings the case here by appeal, and asks a reversal because of the admission of incompetent evidence offered by the defendant, and also upon the ground that the verdict was without evidence to sustain it.

The main contest had reference to the transfer of the note to Camp. It was indorsed "F. Knobel, Treas.," and Knobel testified to the genuineness of his signature; that he was the treasurer of the packet company, and, as such, indorsed, transferred, and delivered the note to Camp for value, and before maturity, acting therein with the knowledge and approval of both the president and vice-president of the packet company. The president of the company also testified to the same general facts. There was no

evidence in conflict with this. The note and indorsement were read in evidence.

It appeared that Camp loaned the packet company $55,000 (less the discount), taking the company's notes for that amount, and that the company's president and treasurer turned over to him, as collateral security for the loan, notes which had been received in settlement of subscriptions to its stock, called stock notes — the note in suit being one of them — amounting in the aggregate to some $60,000. The defendant proved by Knobel, the treasurer, that a discount of one and a half per cent. per month was taken from the face of the principal notes. This testimony was objected to by the plaintiff, but the objection was overruled and the testimony given, an exception being saved. It is not apparent what bearing this testimony could justly have upon any issue made by the pleadings. It seems to have been admitted upon the idea that the discount, or the excess of it above legal interest, went to diminish to that extent the aggregate of the principal indebtedness, combined with the theory that the plaintiff could not recover upon the note in suit, in case he had been reimbursed from the other collaterals the amount of the original loan. An instruction was given to that effect, but the pleadings made no issue involving such an investigation. The answer does not aver or pretend payment or satisfaction, or allege usury. The defense is based upon wholly different grounds.

The evidence objected to should have been excluded, and the instruction referred to was erroneous, as presenting an issue not raised by the pleadings. If this were otherwise, the instruction would still be bad as not being predicated upon testimony. It is sometimes difficult to determine whether there may be some slight evidence to support an issue, or whether there is none at all. The nearest approach to evidence, in the present case, of payment or satisfaction of the principal indebtedness, is found in the fact that Camp held an amount of collaterals nominally exceeding the original loan; and the testimony of Knobel, who states that Camp was to reimburse to the packet company any excess that he might collect on the collateral notes above the amount of the principal indebtedness, and then proceeds: "I cannot say whether he has

been paid back what he advanced or not. Taking out the discount, perhaps he has. I do not think he got as much as the $55,000, but he may have done so. I resigned as treasurer, and I don't know what he may have got after that."

The sum of this is that the witness does not know whether Camp had been reimbursed or not, although he may have been for aught he knew. Any other witness, however ignorant of the transaction, might have given testimony to the same effect. It is not testimony tending to establish the affirmative proposition that Camp had in fact been fully reimbursed the whole amount of his advances.

The judgment of the Circuit Court is reversed and the cause remanded. The other judges concur.