GEORGE W. HARRISON, Appellant, v. SAMUEL FOSTER, Defendant; SARAH FRENCH, Interpleader, Respondent.

### Kansas City Court of Appeals, May 20, 1895.

Fraudulent Conveyances: CHANGE OF POSSESSION, WHEN NOT NECESSARY. F., being indebted to S., sold his farm to H., who, in part payment, as directed by F., gave a bill of sale of two horses to S. and by agreement with her kept the horses as her bailee for a definite time. G., another creditor, sued F. by attachment and levied on the horses. *Held*, that section 5178, Revised Statutes, 1889, as to change of possession, finds no application to the facts of the case, since F. never had any possession to be changed over to S.

*Appeal from the Johnson Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*Chas. E. Morrow* for appellant.

(1) There was no change of possession as required by statute. Defendant Foster continued to exercise acts of ownership and control over the property after the alleged sale was made. There must be "a change of dominion and control" over the property. R. S. 1889, sec. 5178; *Claflin v. Rosenberg*, 42 Mo. 439; *Harvey v. Butchers' Ass'n*, 39 Mo. 212; *Burgert et al. v. Brochert et al.*, 59 Mo. 80; *State ex rel. v. Hall*, 45 Mo. App. 298, *loc. cit.* 302; *How v. Taylor*, 52 Mo. 592. (2) The fact as to whether possession had been delivered was in dispute, and as there was evidence tending to prove that Foster was exercising acts of ownership and control over the property after the alleged sale was made, this was a question of fact

which the jury alone had the right to determine, and the court erred in refusing instructions numbers 3, 4 and 5 asked by plaintiff. *Knoop v. Distilling Co.*, 26 Mo. App. 303; Thompson on Trials, sec. 2014. See also authorities under point 1.

*R. M. Robertson & S. J. Caudle* for respondent.

(1) It was not necessary for Sarah French to have actual possession of the property in controversy in order to make valid the transfer or the title thereto. The possession of Herndon as her agent or bailee was her possession, and in that case, "an actual, open and notorious" change of possession was not required. *Worley v. Watson*, 22 Mo. App. 546; *Allgear v. Walsh*, 24 Mo. App. 134; *How v. Taylor*, 52 Mo. 592; *Erwin v. Arthur*, 61 Mo. 386; *Glass v. Gelvin*, 80 Mo. 297. (2) The conveyance or transfer of the team of mares by Herndon to Sarah French in payment of the debt owed her by defendant Foster, was not void, although its natural effect was to hinder or delay the other creditors of Foster. *Gaff v. Stern*, 12 Mo. App. 115; *Coffin Co. v. Rubelman*, 15 Mo. App. 280; *Deering Co. v. Collins*, 38 Mo. App. 80. (3) The question of delivery and change of possession not being at issue in this case, the court properly refused instructions numbers 3, 4 and 5 asked by plaintiff.

ELLISON, J.—The plaintiff sued defendant by attachment and levied upon a team of horses as being the property of defendant. Interpleader claimed the horses and on a trial between her and plaintiff, she prevailed. Plaintiff appeals.

It appears quite clearly to us that the circuit court took the proper view of this case and that the rulings on the evidence and instructions are not subject to objection.

It seems from the evidence that defendant owed interpleader about $187, and that defendant sold a tract of land to one Herndon and took in part pay therefor the two horses in controversy. Instead of receiving the horses himself, defendant ordered Herndon to transfer them to interpleader, he having arranged with interpleader to take them for what he owed her. Herndon executed a bill of sale to interpleader for the horses and retained possession of them for her—it being understood that he should keep them for her until about the twelfth of May. They were attached by plaintiff before that day, while in the hands of Herndon.

A great part of the contention made here by plaintiff is, that there was no open, exclusive and notorious change of possession as required by the statute, section 5178, Revised Statutes, 1889. But we think the statute finds no application to the facts of this case. If we regard the defendant as interpleader's vendor, then he, as such vendor, was never in possession of the property and all he could do was what he did do,—notify Herndon that interpleader was the owner. The property then became interpleader's, in the possession of Herndon, as her bailee. If we regard Herndon as interpleader's vendor, under his bill of sale to her, then plaintiff has no right to attack the sale, for it is good between the parties and could only be attacked by creditors of Herndon. But, looking at the case from either point of view, there is no way to apply the terms of the statute to the transaction, for the defendant, as the alleged fraud *feasor*, has had no possession to be changed over to interpleader. The spirit, intention and object of the statute is not infringed upon, since, under the circumstances of this case, there was no way in which creditors of defendant could be imposed upon by false appearances. He never had the posses-

sion of the property and the evidence shows that the same transaction which gave him the property authorized the transfer to interpleader. While the cases are not alike in their facts, yet the reason which governed the determination of *How v. Taylor*, 52 Mo. 592, finds full application here.

We are satisfied that the instructions given, when read in connection, cover the case properly. It was in the court's discretion to refuse the instruction as to false swearing. We can not see why plaintiff should have been allowed, in this contest with interpleader, to prove that the defendant was indebted to him. The refusal to permit the witness to state contents of letters was proper. In one instance, it was not shown that there had been any effort made to obtain the letters themselves. In another, the question was withdrawn.

We have gone carefully over the argument and brief of plaintiff and are not impressed with his view or theory of the case. We have found no error in the trial, and hence affirm the judgment. All concur.