W. F. HALL, Respondent, v. ORLANDO JENNINGS, Appellant.

**Kansas City Court of Appeals, March 4, 1901.**

1. **Trial Practice: EVIDENCE: OBJECTION: MOTION TO STRIKE OUT: WAIVER.** If improper evidence get to the jury without the fault of the complaining party, he may have it excluded on motion or by instruction; but if he acquiesces by silence when he should speak, he waives his objection.

2. **Slander: EVIDENCE: MALICE: DSITINCT SLANDERS.** In an action for slander, to show malice on the part of the defendant, it is proper to admit evidence tending to disclose distinct utterances of slanderous words whether made before or after the publication of the alleged slander on trial.

3. **———: PETITION: FALSITY AND INJURY.** A petition is examined and found to sufficiently aver the falseness of the slanderous words and the injury to the plaintiff's reputation to send the question of damages to the jury.

4. **Trial Practice: INSTRUCTIONS.** Trial courts are to be commended for limiting the number of instructions by refusing mere repetitions.

5. **——— :EVIDENCE: CORROBORATION: PARTY'S DECLARATIONS.** A party can not, under the guise of corroborating the testimony of himself and other witnesses, introduce his own declarations; as where in an action for slander he testifies that certain words were not uttered by him but by one F, he can not show that in another conversation had with F he reproved him for the use of the words.

6. **———: INSTRUCTIONS: WHOLE CASE: SLANDER.** In an action for slander the jury ought to be instructed as to the effect of evidence relating to malice, yet, the defendant can not complain if they are not so instructed unless he asks proper instructions in relation thereto.

Hall v. Jennings.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*L. H. Waters* for appellant.

(1)   The court erred in permitting witnesses Gray, Verney and Sumate to testify to statements made by defendant from three to five years before the alleged slander.   Christal v. Craig, 80 Mo. 376; Townshend S. & L., sec. 392; Howard v. Sexton, 4 Const. (N. Y.) 157; Lincoln v. Chrisman, 10 Leigh. (Va.) 338.   (2)   The court erred in permitting witness Oldham to testify that defendant was hunting for evidence as to plaintiff's character.   His character was involved.   (3) The court erred in permitting witness McGee to testify that he asked defendant whether a risk he had on plaintiff's property was a good one, and that defendant said he was overinsured. (4)   Where malice is implied from the words uttered and the intention of defendant is not equivocal, evidence of previous or subsequent slanders is not admissible.   Odgers L. & S., 276; 13 Am. and Eng. Ency. of Law, sec. 431.   (5)   The court erred in giving plaintiff's instructions one, two and three.   It is not alleged in the petition that the words spoken were false, nor was there any sufficient allegation of injury.   13 Am. and Eng. Ency. of Law, sec. 473.   (6)   The court erred in giving plaintiff's third instruction.   There is no allegation in the petition of injury to reputation, nor to mortification or mental suffering.   Nicholson v. Rogers, 129 Mo. 136; Camp v. Heelan, 43 Mo. 591; Townshend on Slander, 345, 391; 3 Sutherland on Damage, sec. 715.   (7)   The court erred in failing to instruct the jury as to the purpose and effect of any previous or subsequent statements proven to have been made by defend-

ant concerning the plaintiff. Letton v. Young, 2 Mete (Ky.), 558; Townshend S. & L., sec. 394. (8) The court erred in excluding the evidence that defendant upbraided his brother Frank for saying that plaintiff's eye was hurt in a henroost. Callahan v. Ingram, 122 Mo. 374.

*McDougal & Sebree* for respondent.

(1) The statements to these witnesses that on other occasions, before and after the slander in question, the defendant had stated that the plaintiff had stolen tools, lumber and chickens, were admissible in proving motive and express malice and in aggravation of damages. 13 Am. and Eng. Ency. of Law pp. 430, 431 and cas. cit., notes; Id. 490, 491; Newell on Def., Slander and Lib., pp. 334, 335, 336, 337, 770 and cas. cit. and notes; Odgers on Lib. and Slander, pp. 271, 296 and cas. cit.; Shock v. McChesney, 2 Yeates (Penn) 473; Barlow v. Brand, 15 N. J. L. 248, 252; Chamberlin v. Vance, 51 Cal. 75; Stearns v. Cox 17 Ohio, 590, 592; Van Deveer v. Sutphin, 5 Ohio St. 293; Morgan v. Livingston, 2 Rich. (S. Car.) 573; Publishing Co. v. Hallam, 59 Fed. Rep. 530; Ins. Co. v. Vandecar, 86 Fed. Rep. 282, 287; State v. Wright, 141 Mo. 333, 337; Noeninger v. Vogt, 88 Mo. 589, 593; Davis v. Vories, 141 Mo. 234; State v. Wilson, 143 Mo. 334. Motive and intent lie at the foundation of malice. Lewis v. Humphries, 64 Mo. App. 472; Callahan v. Ingram, 122 Mo. 373. (2) There was no objection made to the testimony of Mr. Gray. State v. Rapp, 142 Mo. 433, 449; Hallenbeck v. Railroad, 141 Mo. 97, 105; Bruce v. Bomback, 79 Mo. App. 231, 237; Grocery Co. v. Smith, 74 Mo. App. 419. (3) The sixth point of appellant that where malice may be implied from the words uttered, no evidence of other statements of defendant are admissible, is not sustained by the

authorities.    (4)    The seventh point of appellant is founded
on misapprehension.    The petition does charge that the de-
famatory matter was false.    13 Am. and Eng. Ency. of Law,
sec. 490, citing; Boldt v. Rudwig, 19 Neb. 739; Baldwin v.
Boulware, 79 Mo. App. 5.    (5)    The evidence of previous
slanders being clearly admissible on the questions of intent and
malice and aggravation, the burden was upon the defendant to
so limit it by a proper instruction if he desired it limited, and
this he did not do. · The law is well settled in this state.    Mor-
rison v. Yancey, 23 Mo. App. 670, 674 and cas. cit.    (6)    The
upbraiding of his brother by defendant was not in the presence
of plaintiff and was no part of the conversation related by any
of the witnesses.

BROADDUS, J.—This is a slander suit begun on the
sixth day of June, 1898, and tried on the twenty-third day of
May, 1899.    Plaintiff obtained judgment for two thousand
dollars—one thousand actual and one thousand punitive dam-
ages.    The petition alleges that the slanderous words were ut-
tered on or about the first day of June, 1897, and that the words
uttered were that defendant said of the plaintiff that "he was a
man that would steal, and he has stolen."    The answer is a
general denial and that the plaintiff's action was barred by
limitation, as more than two years had expired since the alleged
speaking.    On the last issue the finding is conclusive against
the defendant.

Many objections are made to the rulings of the trial court
in admitting and excluding evidence and in giving and refus-
ing instructions.    A. W. Gray was permitted to testify in the
case as to what the defendant said and wrote about the plaintiff
in 1893, but as the record shows that defendant's attorney with-
drew his objections at the time, he can not be heard to complain
of the action of the court afterwards in overruling his motion

to exclude the evidence of the witness from the jury. C. R. McGee, R. S. Melton and H. B. Verney each testified without objections at the time as to certain statements they had heard defendant make about the plaintiff, which statements defendant in each instance, after witness had testified, moved to exclude from the jury. To the action of the court in overruling his motions, defendant excepted. We do not think that the action of the court was erroneous. The rule is that, if improper evidence gets to the jury without the fault or acquiescence of the complaining party, he may have it excluded on motion or by instruction. But if he acquiesces by remaining silent when he should speak, he waives his objection.

The witnesses Oldham, McGee and Shumate were permitted over the objections of the defendant to testify as to what they had heard defendant say about the plaintiff. Oldham testified that after the suit was instituted defendant spoke to him about the case. That he wanted to prove that plaintiff's character was not good. C. R. McGee, an insurance agent, stated that about two years before the trial defendant asked witness if he handled plaintiff's insurance and when witness answered that he had, defendant told him that plaintiff was overinsured, and that the risk would not bear the amount of the policy. The witness cancelled the policy. Witness Shumate stated that five or six years before the trial he was at defendant's store; Hall was there on the platform and had something the matter with his eye. "I asked him what was the matter and he said he had a sliver in it." Hall went to the doctor's office and after he left defendant said: "That's some of the lead he got in his eye the other night when he was in the chicken roost over there in the neighborhood."

All of the statements of these witnesses are distinct from the words alleged to have been uttered. If the ruling of the Supreme Court in the case of Christol v. Craig, 80 Mo. 367,

is to be adhered to, the cause will have to be reversed, for the action of the court in admitting the evidence of each and all of said witnesses was wrong.    Philips, Commissioner, in speaking of similar evidence uses the following language:    "Proof of the repetition of the slander alleged, may be given after the time of the alleged utterance in aggravation of damages as showing the *quo animo*.    There are authorities supporting the right to introduce distinct utterances of slanderous words for the same purpose.    But we are satisfied that neither our system of pleading nor the proper regard for the rights of litigants will permit such wide departures from the issues tendered in the pleadings. It, if tolerated, would beget the grossest abuse in practice. It would make the system of pleading, intended to define and sharpen the matters at issue, a snare and a deception."

As stated, all the utterances of witnesses referred to are distinct from the one alleged in the petition.    But the Supreme Court in Callahan v. Ingram, 122 Mo. 355, in passing on the question of intent of defendant in uttering the words charged, quotes with approval Starke on Libel and Slander, section 639 : "Upon principle, the spirit and intention of the party publishing a libel are fit to be considered by a jury in estimating the injury done to the plaintiff; and evidence tending to prove it, can not be excluded simply because it may disclose another and different cause of action."    And also Townshend on Slander and Libel, section 91 :    "The intent—meaning the intent to effect certain consequences—with which an act is done is material on the question of the amount of damages; the absence of a bad intent will mitigate the damages, the presence of a bad intent will aggravate them."

Under the Constitution we are bound to follow the latest ruling of the Supreme Court.    And we believe that the rule to be deduced from said last case is founded upon principle and is sustained by the greater weight of authorities.    The object

in all such cases is to ascertain the motive that prompted the defendant to publish the slander, to show malice or want of malice. Malice may be proved by extrinsic evidence: for instance, by proving that defendant had a long-standing grudge against the plaintiff, or former disputes between them. Anything that defendant has ever said or done with reference to the plaintiff may be urged as evidence of malice. Indeed, it is very difficult to say what possible evidence is inadmissible on the issue. See Odgers on Libel and Slander, p. 270; 13 Am. and Eng. Ency. Law, p. 431; Prince v. Eastwood, 45 Iowa, 640; Post Pub. Co. v. Hallam, 59 Fed. Rep. 530. . And these facts and circumstances may be given in evidence without reference to time, whether before or after the alleged speaking of the words. See same authorities.

For a similar reason, the ruling of the court in refusing to withdraw from the consideration of the jury the evidence of C. R. McGee, R. S. Melton and H. B. Verney is also upheld.

The defendant makes the point that, as there was no allegation in the petition that the words spoken were false, or any sufficient allegation of injury, the court committed error in giving, in plaintiff's behalf, instructions numbered one, two and three. But the petition does allege that the allegations of defendant were false, and that he was greatly injured thereby. The defendant insists that instruction number three was bad for the reason that there are no allegations in the petition of injury to reputation, mortification nor mental suffering, and cites Nicholson v. Rogers, 129 Mo. 136, and Camp v. Heenan, 43 Mo. 591, and other authorities. But it appears from a reading of the case first cited that under a general averment of injury to reputation, damages for disgrace and mortification may be recovered. In the second case, the issue in the pleadings was whether a certain note had been transferred. A question of damage arising from a tort was not involved, but merely one of

fact involving the transfer of a note.   There is no similarity between the two cases and no rule of pleading would apply to both cases alike.

For the reason that defendant's instruction number three asserts the law of the case upon the facts proven, the defendant claims that the court committed error in refusing to give it. As a rule this is true, but in this case the same law in a different form in plaintiff's fifth instruction was given.   The action of the court is rather to be commended than condemned, for limiting the number of instructions by refusing those which are a mere repetition of the others.

After William Jennings, F. L. Jennings and defendant himself had all testified that defendant did not say that plaintiff Hall, as claimed by plaintiff's witness, got his eye hurt in a chicken roost but that L. F. or Frank Jennings was the person who made the remark imputed to the defendant, defendant offered to prove that at another time he gave Frank "a raking about it," which offer was rejected by the court and the evidence excluded.   This evidence was ostensibly offered for the purpose of corroborating the testimony of the three Jennings, all of whom, as has been seen, denied that it was the defendant who used the words, but Frank Jennings.   To corroborate "means to strengthen, to confirm, to give additional strength." All of them had testified that defendant had not used the words imputed to him by plaintiff's witness, but Frank had.   The evidence was not in its nature corroborative.   It did not strengthen or confirm their prior evidence.   It was in effect an effort, at most, to get to the jury a statement made by the defendant in a conversation not called out by the plaintiff, and as such it was properly excluded under the rule governing the admission of such testimony.   This rule has been honored by time and is well understood and recognized in all the courts of

the land, and it is in consonance with sound principles of wisdom and justice.   There was no error on the trial.

Affirmed.   All concur.

### ON MOTION FOR REHEARING.

BROADDUS, J.—The only new question presented in the motion is that the trial court committed error in failing to instruct the jury as to the effect of the evidence admitted to show malice.   That is, that the jury should have been instructed that such evidence must not be considered by them in determining whether the words charged were spoken, but could only be taken into consideration on the question of malice, if they believed the words were uttered.   And to sustain his position cites the case of Callahan v. Ingram, supra, which is to the purport that the jury should be cautioned as to the effect of said evidence and how to apply it to the case.   There is no doubt but what the principle there enunciated and an instruction of the kind should have been given.

But the courts of last resort in this State in many instances have held that it is not a ground of reversal if the court does not instruct when not asked to do so.   In State v. Waters, a case involving the life of the defendant, it was urged that the trial court committed error in failing to instruct on murder in the second degree.   Judge SHERWOOD, who delivered the opinion in the case, said: "As no objection was saved as to the instruction given, and none as to the failure of the court to give any on the question of law, we can not consider the propriety of the action of the court in failing to instruct on murder in the second degree."   In State v. Cantlin, 118 Mo. 100, the defendant was charged with robbery.   The complaint against the action of the trial court was that of failure to instruct.   The ruling of the court was, that the failure of the court to give all

proper and needful instructions should be excepted to at the time such failure occurs.

The State v. Albright, was where the defendant had been convicted of the crime of murder in the first degree, and the contention was over the failure of the court to properly instruct on all the issues involved. But the court held that as the defendant at the time did not call the trial court's attention to the fact that it had not instructed on the issues involved, *specifying them,* an assertion in a motion for a new trial that the court did not instruct on all the questions of law in the case will avail nothing.

The attitude of the defendant here, so far as the question of practice is concerned, is the same. He did not object to the action of the court at the time for failure to instruct on the question involved. And it would be strange, indeed, if a more rigid rule of practice is to be applied to cases involving the liberty and life of the citizen, than in those involving reputation or property rights. But we are not left to conjecture in the matter. The same rule has been applied in numerous civil cases. See: Construction Co. v. Railroad Co., 71 Mo. App. 629; Molan v. Johns, 126 Mo. 166; Browning v. Ry. Co., 124 Mo. 55; Coleman v. Drane, 116 Mo. 394; Railway v. Town Site Co., 103 Mo. 468. Many more cases might be cited to the same effect. No rule of practice is more strongly fortified by the authorities of this State.

Motion for rehearing denied. All concur.