WILLIAM R. WRIGHT, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY et al., Appellants.

**Kansas City Court of Appeals, May 7, 1906.**

1   COMMON CARRIERS: Delay in Shipment: Damages: Jury Question: Evidence.   On the evidence held that plaintiff was entitled to recover substantial damages and the case should have gone to the jury on that question.

2.   ———: ———: Substantial Evidence.   Mere delay without substantial evidence of negligence in transportation is not sufficient but held the record has additional evidence to send the case to the jury.

3.   ———: Loss in Weight: Scale Tickets: Books: Evidence.   Books made up from original scale tickets are admissible in evidence as books of original entry, though they are the books of the agents of one of the parties, and where such books cannot be produced in court, verified copies which are exhibits in depositions are admissible.

4.   ———: ———: ———: Carbon Copies: Evidence.   Where several copies are made at one writing of the weight upon the paper ticket by means of carbons, the carbon copy is practically an original and is admissible in evidence.

5.   ———: Contract: Loss in Transit: Subsequent Loss.   Where the contract of shipment provides for notice of damage within ten days after the animals left the cars, it means the damage received before leaving the cars, and want of notice could therefore only result from loss by shrinkage while en route and not from loss of market and expenses consequent upon delay.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*J. G. Trimble* and *H. T. Herndon* for appellant.

(1)   If there is a market for the cattle on their arrival the shipper must sell on that market if he expects

to hold the carrier liable for delay. He cannot hold them over to later market and speculate on the fluctuation of the market. The measure of damages is the difference in price between the time they should have arrivd and the time they actually did arrive. The owner can not speculate and hold the carrier responsible for the failure of his venture. Perry v. Railroad, 89 Mo. App. 49. (2) The written contract in this case provides that the carrier does not agree to deliver the cattle at any particular time or for any particular market. It is therefore not liable for any damages for delay except such delay as was caused by its negligence. And the evidence affirmatively shows there was no negligence in this case. Helm v. Railroad, 98 Mo. App. 419; 5 Am. & Eng. Ency. of Law, p. 254. (3) The scale tickets offered in evidence by the plaintiff and likewise the account sales furnished by the commission firm, which were based on the scale tickets, were properly excluded, for the reason that said scale tickets were not shown to be correct by the testimony of any sworn witness in the case who had any opportunity to know of their correctness, and the fact that they were the scale tickets showing the weights of the cattle in Chicago was attempted to be established by hearsay evidence only. Hill v. Johnson, 38 Mo. App. 383, 9 Am. & Eng. Ency. of Law 919 and cases cited. (4) The weight of the cattle being unknown there was nothing for the jury to base their verdict on in favor of plaintiff except mere conjecture and the court was justified in directing a nominal verdict on this ground. Brown v. Emerson, 18 Mo. 103; Owen v. O'Reilly, 20 Mo. 603; Hays v. Delzell, 21 Mo. App. 679; Barngrower v. Maack, 46 Mo. App. 407; Cravens v. Hunter, 87 Mo. App. 456. (5) The contract in this case calls for notice to be given to the carrier for any loss or injury to the animals shipped within ten days after they shall be removed from the cars. The plaintiff cannot therefore recover for any

shrinkage in the cattle occasioned by delay in transportation.    Leonard v. Railroad, 54 Mo. App. 293; Hamilton v. Railroad, 80 Mo. App. 597.

*E. C. Hall* and *W. S. Herndon* for respondent.

(1)    The grounds upon which the learned trial judge granted plaintiff's motion for a new trial, are not a part of the record, no request to that effect was made by the defendant.    But if the court's action in granting the new trial can be sustained upon any ground shown by the record and proceedings in the cause, the judgment must be affirmed.    Emmons v. Quade, 176 Mo. 28, 29; Kries v. Railroad, 131 Mo. 533; Bank v. Wood, 124 Mo. 72; Hewitt v. Steel, 118 Mo. 463; Farrel v. Transit Co., 103 Mo. App. 454; Mfg. Co. v. Roach & Green, 104 Mo. App. 637; Morelock v. Railway, 112 Mo. App. 644. (2) It is submitted by the respondent, that the order sustaining plaintiff's motion should be affirmed, because of the following errors, among others, committed in the trial of the case.  (a)    In refusing to admit in evidence, the exhibits attached to the depositions, and marked A, B, C and E.    Milling Co. v. Walsh, 108 Mo. 277; Light Co. v. Carmody, 72 Mo. App. 534; Simmons v. Ingram, 78 Mo. App. 607; Gubernator v. Rattalack, 86 Mo. App. 188; Stephan v. Metzger, 95 Mo. App. 621; Gregory v. Jones, 101 Mo. App. 284; Robinson v. Smith, 111 Mo. 205; Seigleman v. Rogers, 113 Mo. 642; Walser v. Wear, 141 Mo. 560; Com. Co. v. Bank, 107 Mo. App. 426; 1 Elliott on Evidence, sec. 208. (b) As to the objection that the exhibits were only copies and not the original book, it appeared from the evidence that the original was not in the possession of the plaintiff and not within the jurisdiction of the court, thus removing that objection.    Brown v. Wood, 19 Mo. 475; Lumber Co. v. Lumber Co., 39 Mo. App. 214.  (c)    In giving of its own motion the instruction to find for plaintiff for nominal damages only, on each count of the petition.    The

evidence shows that the defendant was guilty of negli-
gent delay, in our view beyond any question. Especial-
ly is this true when the evidence shows that this was a
special or extra train. Chinn v. Railway, 100 Mo. App.
576; McCrary v. Railway, 99 Mo. App. 518; Helm v.
Railway, 99 Mo. App. 419; Anderson v. Railway, 93 Mo.
App. 677; Sloop v. Railway, 93 Mo. App. 605; Perry
v. Railway, 89 Mo. App. 49; Glasscock v. Railway, 86
Mo. App. 114; Minter v. Railway, 82 Mo. App. 130; Cash
v. Railway, 81 Mo. App. 109; Bowing v. Railway, 77 Mo.
App. 250; Popham v. Barnard, 77 Mo. App. 619; Ball
v. Railway, 83 Mo. 574.

ELLISON, J.—This is an action for damages on
account of alleged negligent delay in the transportation
of cattle to the Chicago market. The trial court gave
a peremptory instruction to allow the plaintiff only
nominal damages. The plaintiff's motion to grant him
a new trial was sustained and from that order defendant
has appealed.

It appears that plaintiff shipped over defendant's
road seven carloads of beef cattle from Trimble, Mis-
souri, to Chicago, Illinois.    That four of the cars were
consigned to Strahorn-Hutton-Evans Commission Co.,
and the remaining three to the Lee Live Stock Commis-
sion Co., each Company doing business at the Union
Stock Yards at Chicago. The evidence tended to
show that the cattle were loaded at Trimble into
a special cattle train and left that station at
five o'clock of the evening of October 5, 1903,
and arrived at Quincy next day, several hours
after the usual time for making that station. That they
left Quincy in the afternoon and arrived at Chicago
after one o'clock p. m., when they should have gotten
there at about nine o'clock in the morning. That in conse-
quence of the delay in getting into Quincy there was no
time for unloading, resting and feeding the cattle before
starting on for Chicago. The evidence tended to show

a delay in the run from Quincy to Chicago of from three to four hours and that in consequence plaintiff failed to get the cattle on the favorable market of that day. The result was that both lots of cattle were held over, those consigned to the Lee company until the next day (the 8th of October) when they were sold, and those consigned to the Strahorn company until the following Monday, the 12th of the month. They were sold on the 8th and the 12th, but at less than if they had been transported with ordinary dispatch and sold on the morning market of the day of arrival. That this loss to the plaintiff was occasioned by the fact that the cattle by being delayed were deprived of the usual time for rest, water and feed at Quincy, whereby they shrunk in weight, and by further delay were not put into Chicago in time for the early and favorable market of the day of arrival. Without further detail, we will say that there is no doubt but that plaintiff made a case for the jury on the question of the delay and the defendant's negligence. So neither is there any doubt but that he made out his case as to the loss to him as a result of such negligence. The trial court concluded that an injustice had been done plaintiff in confining him to nominal damages only.

And, in our opinion, plaintiff was entitled to recover substantial damages unless he is to be barred of such claim by the following consideration. In the first place, we will state that notwithstanding mere delay is not evidence of negligence in transportation (Standard Milling Co. v. Transit Co., 122 Mo. 275-6) yet, where the fact of delay is supplemented by evidence of the cause, it may show that it was negligence. This was explained in McCrary v. Railway, 109 Mo. App. 567; the evidence here being of the same general character of the evidence in that case. See also Anderson v. Railway, 93 Mo. App. 677.

In order to show the weight of the cattle, the plaintiff not having personally weighed them, resort was had

to the weight as given by the stock yards company, which was taken from what is known as the "scale tickets" containing the weights. It is the custom of the commission companies operating at the stock yards at Chicago to receive the scale tickets of weight and enter them upon their books as the basis upon which to rest the book account of sales for customers, and by which they settle with such customers, and for freight charges made by the carrier. It was shown that the books were made up at the time from the original tickets. Such books of original entry are admissible in evidence even though they are books of a company, who in the transaction in controversy is the agent of him who offers them. [Anchor Milling Co. v. Walsh, .108 Mo. 277; Robinson v. Smith, 111 Mo. 205; Commission Co. v. Bank, 107 Mo. App. 426.] But in the present case the books were not produced. They were in another State beyond the jurisdiction of the trial court. It is therefore proper to receive verified copies, which are made exhibits in depositions taken. [Brown v. Wood, 19 Mo. 475; Lumber Co. v. Lumber Co., 39 Mo. App. 214.]

Something was said in the testimony as to carbon copies of the scale tickets. This, we understand to mean several copies made at one writing of the weight upon the paper ticket. Such carbon copy is practically an original and there can be no objection to receiving it as evidence. [1 Elliott on Evidence, sec. 208.]

The contract of shipment provides that no "loss or damage to said animals" should be allowed unless a written claim be made within ten days. None was made in this case. But under the provisions of the contract providing for notice of damage within ten days after the animals leave the cars, means, of course, damage before they left the cars, and the want or notice could therefore only release defendant from plaintiff's loss by shrinkage while en route. There is no ground of excuse for defendant's release from his remaining claim for loss of market

and expenses consequent upon the delay. The provisions of the contract here in that of Leonard v. Railway, 54 Mo. App. 293, differ from the provisions of the contracts in Hamilton v. Railway, 80 Mo. App. 597, and Smith v. Railway, 112 Mo. App. 610.

We are satisfied with the propriety of the court's action in granting a new trial and the judgment will be affirmed. All concur.