# ALBERT RADFORD, Respondent, v. SAM HORTON, Appellant.

Springfield Court of Appeals, February 14, 1921.

1. **EVIDENCE: Parol Evidence of Contents of Petition Filed with Postmaster General Properly Admitted.** In an action for a libel contained in a petition filed in the office of the Postmaster General, there was no error in permitting parol evidence as to the contents of the petition, where plaintiff's counsel stated, "We have never been able to get the petition or a copy of it," and defendant made no attempt to show that plaintiff had made no effort to secure the original petition or a proper copy.

2. **LIBEL AND SLANDER: Plaintiff Required to Show Malice in Circulation of Privileged Petition.** In an action by one who had been postmaster against one who circulated a petition containing an alleged libel, where plaintiff conceded that the complained of petition was privileged, he was required to show malice.

3. **———: Evidence of Remarks Held Admissible to Show Malice in Privileged Communication.** In an action for libel by one who had been ousted from office as postmaster by reason of an alleged libelous petition circulated by defendant, evidence of derogatory remarks, made by defendant, concerning plaintiff three or four years previous, were admissible as tending to show malice.

4. **———: Defendant Must Plead Mitigating Facts and Circumstances.** Defendant in a libel action, if he expects to rely on mitigating facts and circumstances, should plead them, under Revised Statutes 1919, section 1264.

5. **———: Evidence Held Inadmissible to Prove Truth of Change.** In an action by one who had been postmaster, for damages for alleged libel in petition circulated by defendant, which charged that plaintiff was giving out liquor in the post office, evidence that plaintiff had given out liquor in the post office eight or nine years previously was not admissible to show the truth of the charge against plaintiff.

6. **APPEAL AND ERROR: Exclusion of Evidence Not Reversible Error, Where Similar Evidence so Remote was Admitted.** In an action by one who had been postmaster, alleging that defendant libeled him by charging that he was giving out liquor in the post office, it was not reversible error to reject evidence offered by defendant

that plaintiff had given out liquor in the postoffice eight or nine years prior to circulation of the petition, where there was considerable evidence similar in nature but more recent in point of time.

7. **LIBEL AND SLANDER:** *Charge that Postmaster Did Not Take Sufficient Interest in Conduct of Office, Libelous.* It was libelous to falsely charge that postmaster did not take sufficient interest in the conduct of his office and permitted numerous irregularities.

8. ————: Whether *Libelous to Charge Sale of Liquor Held Properly Submitted to Jury.* In an action by one, who had been postmaster, for damages for libel, *held* that court properly submitted question whether charging plaintiff with selling whiskey was libelous, in view of allegation and admission that local option law was in effect in the county.

Appeal from Circuit Court of Wayne County.—*Hon. E. M. Deering,* Judge.

AFFIRMED.

*Davis & Davis* for appellant.

(1) Secondary evidence can be introduced only upon proof of the loss, destruction or absence from the jurisdiction of the court of the original writing. State v. Sibley, 207 S. W. 806. And then only upon proof that an unavailing effort has been made to obtain the original. The mere fact that they could not compel the production of the original, would not avoid the necessity of at least making the effort to secure it. State v. Lentz, 184 Mo. 242; Traber v. Hicks, 131 Mo. 189; Mathes v. Lumber Co., 173 Mo. App. 246; Golson v. Ebert, 52 Mo. 269; Harrison v. Foster, 62 Mo. App. 606. (2) Parol evidence cannot be used to prove the contents of a writing if there is any better evidence available. Our courts recognize degrees of secondary evidence. A certified copy of the original is the next best evidence absent the original. Miller v. Keaton, 260 Mo. 708; Bosse v. Weik, 144 Mo. App. 468; Griffin v. Railroad, 115 Mo. App. 549; Sec. 6294, R. S. 1909. (3) A party

is bound by and estopped to controvert an allegation in his own pleadings. Knoop v. Kelsey, 102 Mo. 291; Bensieck v. Cook, 110 Mo. 173; St. Louis v. Railways, 263 Mo. 428; Wilson v. McDaniel, 190 S. W. 5. (4) Evidence of other and independent slanderous utterances is admissible to show malice if of a similar import to that charged in the petition, but such evidence is not admissible for that, or for any purpose, when it is entirely foreign to any of the matters contained in the petition." Anderson v. Shockley, 266 Mo. 555; Christal v. Craig, 80 Mo. 367; McAtee v. Valandingham, 75 Mo. App. 45. (5) On a plea of justification it is error to restrict or confine defendant's proof in point of time. Stowell v. Beagle, 57 Ill. 97; Yeager v. Bruce, 116 Mo. App. 473. (6) The evidence shows that there was no malice toward plaintiff in the publication and it being privileged the court should have instructed the jury that there was no liability. Tilles v. Publishing Co., 241 Mo. 647-648. The falsity of a charge in a privileged communication is insufficient to warrant submitting it to a jury. Express malice without probable cause to believe the truth of the charge must be shown. Joza v. Moroney, 18 Am. & Eng. Ann. Cas. 1196n; McKee v. Hughes, 1918 A Am. & Eng. Ann. Cas. 462n; Finley v. Steel, 159 Mo. 299; Kersting v. White, 107 Mo. App. 265; Rose v. Tholborn, 153 Mo. App. 478; Peak v. Taubman, 251 Mo. 418. (7) It is not libelous *per se* to charge a person with having sold whiskey, and cannot be libelous without a proper colloquium showing its actionable nature. Neither is it actionable to say of a postmaster "He did not take sufficient interest in the conduct of the office" or that "He permitted numerous irregularities to exist therein." Church v. Bridgman; Birch v. Benton, 26 Mo. 153; Diener v. Star- Chronicle Pub. Co., 232 Mo. 416. (8) A general verdict and assessment of damages cannot be sustained where some of the alleged libels are insufficient to support a verdict. Mooney v. Kent, 19 Mo. 553; Christal v. Craig, 80 Mo. 370; Flowers v. Smith, 214 Mo. 141.

C. P. Damron, Jos. F. Chilton, O. L. Munger and W. C. Settle for respondent.

(1) When a writing is shown to be beyond the jurisdiction of the trial court, its contents may be proved by secondary evidence, as by parol, and without proof of inability to procure the original. 17 Cyc., pp. 529, 530; St. Louis Perpetual Insurance Co. v. Cohen, 9 Mo. 443; Brown v. Wood, 19 Mo. 475-476; Harvey Lumber Co. v. Harriman & Curd Lumber Co., 39 Mo. App. 219-20; Price v. Clevenger, 99 Mo. App. 539 to 543; Wright v. Railroad, 118 Mo. App. 397; Johnson v. Construction Co., 188 Mo. App. 122; State v. Meyer, 259 Mo. 318. (2) When facts are disclosed by admissions in pleadings it is not necessary to offer proof of such facts. Price v. Clevenger, 99 Mo. App. 54. (3) A litigant must object to the admission of evidence, and if the ruling of the court be adverse to him, he fails to except, and fails to move to strike such testimony, he cannot afterwards complain, but is held to have waived the objection. Maxwell v. Hannibal & St. Joseph Railway Co., 85 Mo. 106; State v. McCollum, 119 Mo. 473-4; Tremain v. Doytt, 161 Mo. App. 223; Freeland v. Williams, 220 Mo. 231. (4) Proof of unfriendly statements or a long standing grudge, or slanderous utterances against plaintiff on the part of defendant, other than those sued on, are admissible on the question of actual malice, when the defense of privilege is interposed, and are admissible on the question of punitive damages. Even if inadmissible, appellant cannot now complain, having failed to object to it when offered in the trial. 25 Cyc., pp. 494 to 496; Hall v. Jennings, 87 Mo. App. 627; Callahan v. Ingraham, 122 Mo. 360; Kuntz v. Hartwig, 151 Mo. App. 98; Anderson v. Shockley, 266 Mo. 549-555. (5) Proof of knowledge of falsity of statement in libelous article is proof of malice, and malice being proved the privilege is removed. Cook v. Pulitzer Publishing Co., 241 Mo. 360; Link v. Hamblin, 270 Mo. 337. (6) Privilege may be lost by the use of violent language or exaggerated ex-

pression in article, when they are uncalled for. Peak v. Taubman, 251 Mo. 420. (7) Mitigating circumstances not having been pleaded, were not admissible on the trial. Baldwin v. Fries, 46 Mo. App. 288; Buckley v. Knapp, 48 Mo. 152; Sec. 1838, R. S. 1909. (8) Any defamatory writing tending to provoke one to wrath or expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence, or social intercourse, is libelous, and the whole context of the article must be considered to ascertain its intent and meaning. Israel v. Israel, 109 Mo. App. 366; Sec. 4818, R. S. 1909; 25 Cyc., pp. 355-7; Ukman v. Daily Record, 189 Mo. 378; Johnson v. St. Louis Post Dispatch, 65 Mo. 539. (9) The jury under the direction of the court shall determine the law and the fact. Mo. Constitution, art. 2, sec. 14; Hagener v. Pulitzer Publishing Co., 172 Mo. App. 464. (10) It is a libel *per se* to charge one with the commission of an indictible offense, such as selling liquor in local option county, assault and battery and disturbing the peace. 25 Cyc., pp. 286-278; Barber v. Hereford, 48 Mo. 325; Cook v. Pulitzer Printing Co., 241 Mo. 342. (11) An article may be libellous *per se* without even charging crime, as to falsely accuse a public officer with incompetency, dereliction of duty, improper or corrupt conduct in office. Cook v. Pulitzer Publishing Co., 241 Mo. 348; Hagener v. Pulitzer Publishing Co., 172 Mo. App. 442; 25 Cyc., pp. 346-402-403; Bigelow on Elements of the Law of Torts (6 Ed.), pp. 121-122-145. (2) Where libelous article contains several distinct libelous charges, published by defendant at one and the same time, his act constitutes a single tort, and a general verdict thereon is good. Cook v. Globe Printing Co., 227 Mo. 524-526; Brownwell v. Pacific Railway Co., 47 Mo. 243; Pendington v. Marks, 46 Mo. 219; Burch v. Benson, 26 Mo. 157.

BRADLEY, J.—This cause is for libel, and was filed in Madison county. The venue was changed to Wayne county, and there tried before the court and a jury, and plaintiff had verdict for $500 actual, and $250 punitive

damages, and judgment went accordingly. Failing to obtain a new trial on motion, defendant appealed.

The petition is in two counts. The first one is bottomed on libel, and the second on slander. At the close of plaintiff's case defendant filed a demurrer. The court sustained said demurrer to the second count, and overruled it as to the first, hence the second count is out of the case. In his first count plaintiff alleges that at all times mentioned in his petition he was post master at Jewett in Madison county, and performing the duties of that office. That in October, 1917, defendant, wantonly and maliciously, intending and contriving to injure plaintiff in his good name and reputation, and to reflect upon his honesty, integrity, qualifications and fitness as postmaster, and to provoke him to wrath and to expose him to public hatred, contempt and ridicule, and to deprive him of the benefits of public confidence, etc., did write and cause to be written, and did circulate and publish of and concerning plaintiff a certain false, defamatory, malicious and libelous article and petition addressed to the First Assistant Post Master General at Washington, praying for the removal of plaintiff as post master. That the said petition for removal was substantially as follows: "That the said Albert Radford was not a morally fitted person to be postmaster; that he was quarrelsome and given to the excessive use of intoxicating liquor, and that he got drunk; that he had been convicted in court of disturbing the peace, assaults and disturbing schools and carrying weapons; that he sold whiskey to one William Hughes and others; that he permitted unauthorized persons to have access to said post office, and that he did not take sufficient interest in the conduct of the office and permitted numerous irregularities to exist, and that he was in the habit of raising, disturbing and breaking the peace."

Plaintiff further alleged that article 3, chapter 63, Revised Statutes 1909, known as the Local Option Law, had been adopted and in force in Madison county since March 8, 1904. Plaintiff's petition further alleges that

defendant intended by publishing the allegel libelous article to charge plaintiff with the violation of the liquor laws of the State and of other criminal laws, and to reflect upon his character and standing as a citizen, and of his fitness for post master, and to accuse him of the violation of the laws and regulations touching his duties as post master, and of a dereliction of his duties as such post master, and that said alleged libelous article was so understood by those who saw it.

Defendant in his answer admitted that plaintiff was post master as alleged, and that the Local Option Law was in force as alleged, then follows a general denial except as to the admissions. Defendant further averred that in October, 1917, he circulated a petition among the patrons of the post office of Jewett addressed to the First Assistant post Master General as follows: "Madison county, Missouri. October.....⹀., 1917. To the Honorable First Assistant Postmaster General, Washington. D. C.

The undersigned citizens and patrons of the post office located at Jewett, Madison county, Missouri, Albert Radford, postmaster, respectfully pray you to take steps to remove said Albert Radford from said post office and appoint some other citizen of this community, for among others, the following reasons: First. The said Albert Radford is not a morally fittted person to be postmaster. Second. Because he is quarrelsome and given to fighting and the excessive use of intoxicating liquor. Third. Because Albert Radford has been convicted of several offenses, among them, assaults, carrying weapons and disturbing schools. Fourth. Because the said Albert Radford is quarrelsome and in the habit of raising, disturbing and breaking the peace;" that the facts set out in the petition so circulated were true, and that the matters contained therein were privileged, and that after investigation plaintiff was removed as post master.

The evidence shows that defendant did not circulate the article that he pleaded. The article or petition cir-

culated was sent to Washington. Defendant was shown copy of article he pleaded, and asked if he circulated that copy. He answered: "No, sir, but I carried it in my pocket at the time I got signers on the other. I put it away and kept it until this case came up." There was evidence by other witnesses that the petition or article which defendant pleaded and offered in evidence was not the one he circulated. Defendant in his answer admits that he published an article which contained all of the alleged libelous matter, except that plaintiff had sold whiskey, that he permitted unauthorized persons to have access to the post office, and that he did not take sufficient interest in the office and permitted irregularities therein. Plaintiff offered evidence tending to show that the petition circulated contained these charges.

Defendant makes several assignments: (1) That secondary evidence was erroneously admitted to prove the contents of the alleged libelous article; (2) that error was committed in admitting evidence of certain slanderous utterances not pleaded in plaintiff's petition; (3) that error was committed in the rejection of certain evidence which defendant offered tending to show mitigation; (4) that error was committed in the giving and refusing of instructions; (5) that the verdict was general and not sufficient; (6) that defendant's instruction in the nature of a demurrer should have been given.

(1) Plaintiff, endeavoring to prove the contents of the petition circulated, asked his witness: "I will ask you to state if you know what was charged in that petition?" Mr. Davis: I object to that for the reason that the petition would be the best evidence. The court: The objection will be sustained. Mr. Damron: That petition was sent to the third assistant postmaster general, and we have never been able to get the petition or a copy of it. The defendant hasn't a copy of it that we know of. If they have, we would be glad to see it. Mr. Davis: We haven't a copy of it, and if we did we would gladly furnish it. The court: The court will rule if you haven't a copy of it, you may prove the contents, and the objection

will be overruled. Mr. Davis: I except.'' There is nothing more in the record about any effort made by plaintiff to get the original petition or a certified copy of it, and defendant urges that the showing made was insufficient to justify the admission of parol evidence to prove the contents. The petition circulated by defendant was on file in Washington, and was beyond the jurisdiction of the court, and was not in the control of either party. In St. Louis Perpetual Ins. Co. v. Coken, 9 Mo. 421, it was ruled that a sworn copy of an agreement was admissible where it appeared that the original was in the possession of another in another State. In Brown v. Wood, 19 Mo. 475, it was held that parol evidence was admissible to prove the contents of a power of attorney where it appeared that the paper was beyond the jurisdiction of the court. In Lumber Co. v. Lumber Co., 39 Mo. App. 214, it was ruled that a copy of an agreement attached to a description of a witness from another State was admissible. There it was said: ''The absence of the original was sufficiently accounted for by showing that it was neither within the jurisdiction of the court, nor within the control of either of the parties to the suit. Under the circumstances a verified copy was the best evidence and the contents of the instrument were provable even by parol,'' citing Brown v. Wood, supra. In State v. Meyer, 259 Mo. 306, 168 S. W. 717, it was held that secondary evidence of an insurance policy shown to be in another State was admissible. In Wright v. Railroad, 118 Mo. App. 392, 94 S. W. 555, it was held that verified copies of books in another State which were made exhibits in depositions were admissible. In Johnson v. Construction Co., 188 Mo. App. 105, 173 S. W. 1081, it was held that secondary evidence was admissible to show how pay checks were signed, and what was written on them, where it was shown that the checks were beyond the jurisdiction of the court. There FARRINGTON, J., speaking for this court said:. ''The objection to the introduction of testimony with reference to how the pay checks were signed and what was written on them is

not well taken. Defendant's reply to the order of the court requiring it to produce the contract and checks hereinbefore referred to shows that the checks were be-. yond the jurisdiction of the court, hence it was not error to admit secondary evidence,'' citing State v. Meyer, supra. [See, also, Locke v. Woodman, 225 S. W. Mo. App. 352.] Plaintiff cites and relies upon State v. Lentz, 184 Mo. 223, 83 S. W. 970; Traber v. Hicks, 131 Mo. 180, 32 S. W. 1145; Mathes v. Lumber Co., 173 Mo. App. 239, 158 S. W. 729; Golson et al. v. Ebert, 52 Mo. 260; and Harrison v. Foster, 62 Mo. App. 603, to support his assignment that reversible error was committed in the admission of oral evidence to prove the contents of the petition he circulated. In all those cases it appears that nothing was offered tending to show that any effort had been made to secure the original paper, or to procure properly verified copies. In Mathes v. Lumber Co., supra, the court in discussing an assignment that error had been committed in the admission of oral evidence to prove the contents of bills of lading said: ''This contention is well made for the reason that there is no showing whatever that the bills of lading and the printed rule of the railroad company were lost or that it was beyond the power of the plaintiff to produce them; in fact there is nothing in the record to show any effort on the part of the plaintiff to obtain them for use at the trial. The contents of a writing that is unaccounted for cannot be shown by oral testimony.'' Several cases are cited to support this rule which plaintiff here does not controvert. He says that the petition defendant circulated was beyond the jurisdiction of the court, and this fact being shown oral evidence was admissible to prove the contents. It is ruled, however, in State v. Lentz, supra, that the mere fact that the production of the original writing could not be compelled, would not avoid the necessity of at least making an effort to secure the original. It appears from the record that counsel for plaintiff, when the objection was made as to the competency of oral evidence to prove the contents of the petition circulated,

stated that ''we have never been able to get the petition or a copy of it.'' This would imply that some effort had been made to procure the original or a copy of it from the custodian thereof. On this statement which seems to have been accepted as true the court ruled that plaintiff could prove the contents by parol. Defendant made no attempt to show that plaintiff had made no effort to secure the original or a proper copy, but rested on his exception, after the court had ruled, basing the ruling on the statement of counsel that he had been unable to secure the original or a copy. In this situation we hold that reversible error was not committed in the admission of oral evidence to prove the contents of the petition that defendant circulated.

(2) Defendant makes complaint that error was committed in admitting evidence of certain slanderous utterances not pleaded in plaintiff's petition. One of the defenses is that the alleged libelous article complained of is privileged. Plaintiff concedes that the defendant, if acting in good faith and without malice, and actuated by a desire to promote the public welfare, had a lawful right to circulate the petition asking for plaintiff's removal as postmaster, even though he was mistaken as to the truth of the charges. Plaintiff does not deny that the article complained of was privileged. In the recent case of Epps v. Duckett et al., 223 S. W. (Mo.) 572, the Supreme Court said that the personal character and official fitness of an applicant for post master were legitimate subjects of comment within the confines of the truth. Plaintiff, conceding that the complained of petition was privileged, was required to show malice. [Tilles v. Publishing Co., 241 Mo. 609, 145 S. W. 1143, and cases there cited.] In his effort to show malice on the part of defendant, plaintiff introduced evidence of some derogatory remarks made by defendant concerning plaintiff, some three or four years previous. The remarks were that plaintiff was a son of a bitch and was not honest. The objection to this was that no time was fixed, and that if it went to the slander court it was

barred by limitation. The objection is different to the assignment. The assignment is that such evidence was incompetent, because there was no pleading upon which to base it. The record discloses a rivalry between plaintiff and defendant of several years standing. Plaintiff had been postmaster for several years, and defendant had circulated other petitions in an endeavor to oust plaintiff. The last one was successful, and defendant succeeded plaintiff as postmaster. Defendant admitted that he and plaintiff never got along well, and that they were never good friends. In Hall v. Jennings, 87 Mo. App. 627, the Kansas City Court of Appeals, following Callahan v. Ingram, 122 Mo. 355, 26 S. W. 1020, held that extraneous slanderous utterances made some six years prior were admissible to show malice. In Hall v. Jennings, supra, the court said: "Malice may be proved by extrinsic evidence, for instance, by proving that defendant had a long standing grudge against the plaintiff, or former disputes between them. Anything that defendant has ever said or done with reference to the plaintiff may be urged as evidence of malice. Indeed it is very difficult to say what possible evidence is inadmissible on the issue (citing cases). And these facts and circumstances may be given in evidence without reference to time, whether before or after the alleged speaking of the words." [See, also, Kuntz v. Hartwig, 151 Mo. App. 94, 131 S. W. 721; Anderson v. Shockley, 266 Mo. 543, 181 S. W. 1151.] No error was committed in the admission of the evidence complained of in the second assignment.

(3) Defendant assigns as error the rejection of certain evidence which he offered tending to show justification and mitigation, and to repel the inference of malice. The evidence rejected consisted of some vague rumors, and concerned some specific acts on the part of plaintiff. Defendant pleaded nothing in mitigation; if he expected to rely on mitigating facts and circumstances he should have pleaded them. [Sec. 1264, R. S. 1919.] He pleaded the truth of the charges. But not-

withstanding the court sustained objections, the evidence, which defendant says was rejected erroneously, was gotten before the jury for the most part except in one instance. In this instance defendant made a formal offering to prove by witness East that plaintiff in 1911 "gave out liquor in the post office and store to various parties." This in no way tended to show that plaintiff was eight years thereafter doing the same thing. He had served eight or nine years as post master in the interim, and the charge made against plaintiff by defendant was that he was then unfit to be post master. The court excluded this offering as being entirely too remote. If this evidence was competent it was on the theory that it would tend to disprove malice. [Gager v. Bruce, 116 Mo. App. 473, 93 S. W. 307.] There was considerable evidence similar in nature, but more recent in point of time, and we do not think that reversible error was committed in rejecting this offering under the circumstances.

(4) Defendant complains of certain instructions that were given and of one he offered that was refused. Instruction one submitted the charges appearing in the petition. Defendant contends that this instruction submitted three charges which are not libelous, to-wit: "That he sold whiskey; that he did not take sufficient interest in the conduct of the office; that he permitted numerous irregularities." These charges were in the petition which defendant circulated according to plaintiff's evidence, and if they are libelous then there is no error in instruction number one. We omit from consideration here the charge that plaintiff sold whiskey, as we consider that, infra, separately. The charges that plaintiff did not take sufficient interest in the conduct of the office, and permitted numerous irregularities to exist, were made at the same time, since they were contained in the petition circulated, therefore, we consider them as one charge. Defendant's position is that anyone may so comment upon the official conduct of a public

Radford v. Horton.

officer without danger of consequences in libel or slander. In Cook v. Publishing Co., 241 Mo. l. c. 348, 145 S. W. 480, the court quotes with approval authorities to the effect that written words which impute that one who holds an office has been guilty of improper conduct in that office, or has been actuated by wicked, corrupt or selfish motives, or is incompetent for the position, are actionable. The Kansas City Court of Appeals in Hagener v. Publishing Co., 172 Mo. App. l. c. 443, 158 S. W. 54, held that "the fact that the charge made does not in law constitute a breach of official duty for which an officer may be expelled from office, yet if the charge is such as will bring the officer into disgrace, expose him to public hatred, or deprive him of the benefits of public confidence and social intercourse, it is libelous." If plaintiff did not take *sufficient* interest in the conduct of the office of postmaster, and permitted *numerous irregularities,* he could have and should have been removed. The record shows that plaintiff was removed because of the charges which defendant circulated. We find no merit in the assignment that it was error to submit the two charges that plaintiff did not take sufficient interest in the conduct of the office and permitted numerous irregularities.

Defendant argues that it was not libelous for him to say of defendant that he sold whiskey, because that whiskey may be sold lawfully. In other words defendant contends that in order to have made this charge a proper matter for submission in the instruction it must have appeared in the petition, and there must have been proof that defendant charged a violation of the law in charging that plaintiff sold whiskey. Defendant states the matter thus in his written argument: "With all the abuse that some men may have made of the sale of liquor and with the restrictions put upon its sale by the adoption of the Act of the Legislature known as the Local Option Law, it is neither illegal nor immoral to sell whiskey. Hence it cannot be libelous to charge

a person with selling whiskey unless it is shown by extrinsic averments that he is charged with it in violation of law. If the Local Option Law excludes all sales of liquor within Madison county, and if respondent had made the allegation that appellant had charged him with the sale of whiskey at a time shown to have been after he adoption of said law, and that he charged the sale to have been in Madison county, then this instruction would have been declared the law. But respondent doesn't charge appellant with saying tht he, respondent, had sold whiskey in Madison County. He doesn't charge that the sale was made at any specific time, and it may well have been that the time was thirty or forty years ago. The court cannot take judicial notice of the date of the adoption of said act. At any rate the respondent may have sold whiskey, notwithstanding the fact that the Local Option Law was in force and effect and yet have violated no law. The Local Option Law does not prohibit all sales of whiskey.''

Plaintiff alleged in his petition that the Local Option Law had been in force in Madison county since March 8, 1904. Defendant in his answer admits that the Local Option Law was in force in Madison county as alleged. Therefore, it stands as established that the Local Option Law was in force in Madison county during all the time that plaintiff was postmaster, and if plaintiff sold whiskey, in Madison county, unless such sale was under some of the provisions of said law, he did so in violation of the law. Defendant in his effort to prove the truth of the charge that plaintiff sold whiskey put in evidence facts and circumstances showing clearly that he was endeavoring to show that plaintiff had violated the Local Option Law in Madison county. We think that in view of the plaedings and the evidence offered by defendant in the respect under consideration it was entirely proper to submit in the instruction the charge that plaintiff sold whiskey. We do not deem it necessary to consider the instructions further. The issues

were fairly submitted, and there is no reversible error in the instructions.

(5)  Defendant contends that considering the charges the verdict is not sufficient to support the judgment; that a general verdict and assessment of damages cannot be sustained where some of the alleged libelous charges are insufficient to support a verdict. It is not necessary to consider this assignment except to say that none of the alleged libels as pleaded and found by the jury are insufficient to support a verdict.

(6)  The evidence was amply sufficient to go to the jury. There is a mass of evidence on both sides, and the record is rather large. We shall not lengthen unnecessarily this opinion with a detailed discussion of the evidence. Defendant had a fair trial, and the judgment should be affirmed, and it is so ordered.

*Farrington, J.,* concurs. *Cox, P. J.,* not sitting.