H. ANDERSON, Respondent, v. ATCHISON, TOPEKA
& SANTA FE RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, April 7, 1902.

1. Common Carriers: DELAY IN DELIVERY: NEGLIGENCE:
   BURDEN OF PROOF. If a common carrier contracts for exemp-
   tion and it is shown that damages charged was caused by one of the
   causes exempted, the shipper has the burden of showing that the
   injury happened because of the carrier's negligence.

2. ——: ——: ——: EVIDENCE. The evidence relating to
   the delay in a shipment of cattle is considered and held sufficient
   to raise a fair inference of negligence requiring explanation by the
   carrier.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,*
Judge.

AFFIRMED.

*Gardiner Lathrop* and *Samuel W. Moore* for appellant.

(1) The contracts introduced in evidence established
prima facie that there were two rates for the shipment and
that the shipper voluntarily chose the lower, and in considera-
tion thereof the liability of the company was limited in ac-
cordance with the terms of the contracts. Wyrick v. Railroad,
74 Mo. App. 406; Bowring v. Railroad, 77 Mo. App. 250;
McFadden v. Railroad, 92 Mo. 343; Kellerman v. Railroad,
136 Mo. 177; Harvey v. Railroad, 74 Mo. 538; Hart v.
Railroad, 112 U. S. 331.     (2) The stipulations in the con-
tracts which provide that the company shall not be liable for
damages occasioned by delays, are operative and binding upon
plaintiff in the absence of evidence or proof by him that such

delays were the result of defendant's negligence. Vaughn v. Railroad, 78 Mo. App. 639; The Otis Co. v. Railroad, 112 Mo. 622; Witting v. Railroad, 101 Mo. 632; Read v. Railroad, 60 Mo. 199; Heil v. Railroad, 16 Mo. App. 363; 4 Elliott on Railroads, sec. 1516; Hutchinson on Carriers, sec. 767.

*W. B. Clark* and *Benj. L. White* for respondent.

The contracts of affreightment between plaintiff and defendant, could not, and did not, under the law relieve defendant from the consequences of its own negligence. Witting v. Railroad, 101 Mo. 632; Dawson v. Railroad, 79 Mo. 296; McFadden v. Railroad, 92 Mo. 344; Leonard v. Railroad, 54 Mo. App. 293. The court committed no error in refusing defendant's instruction in the nature of a demurrer. Under the law defendant was bound to carry the cattle to the destination within a reasonable time, and the question of the reasonableness of the delay, was properly submitted to the jury. Douglass v. Railroad, 53 Mo. App. 473; Blanchard v. Railroad, 60 Mo. App. 267.

ELLISON, J.—Plaintiff shipped over defendant's road three carloads of cattle from Marceline, Missouri, to Chicago, Illinois, for the market at that point. They were not delivered in time for the market of the day next after shipment and the delay (which plaintiff charges was negligent) caused a loss to the plaintiff. No evidence was introduced by defendant. Plaintiff recovered judgment in the trial court.

The shipment was under a special contract which exempted the defendant from liability on account of delay. But as the defendant can not make a binding contract which will exempt it from liability for its negligence, the question in this case is, on whom is the burden of proof of negligence, and if on plaintiff, did he show it? The law is that if a carrier of freight

Anderson v. Atchison, Topeka & Santa Fe Ry. Co.

contracts for an exemption to its ordinary liability and it is shown that the damage charged against it was caused by one of the causes excepted in the contract, the plaintiff must then take the burden of showing that notwithstanding the contract, the injurious thing happened by reason of the carrier's negligence, for in such case the contract, by force of public policy, must give way. Witting v. Railroad, 101 Mo. 631; Otis v. Railroad, 112 Mo. 622. No specific act or acts of negligence were made to appear; that is to say, no cause for the delay was shown.

But plaintiff did show the following: That he shipped the cattle at eleven o'clock a. m. on the thirteenth at Marceline, and that they arrived at eleven o'clock a. m. the next day. That from thirteen to fifteen hours was the usual time for transportation between the two points. That delays occurred at more than one point of from two to four hours, and that other trains going towards Chicago passed them while thus delayed. We regard this as sufficient to raise a presumption of negligence. The Supreme Court held in the cases cited, supra, that it was "enough for the plaintiff to disclose circumstances sufficient to raise a fair inference of negligence, and especially is this so" where the means of showing how the delay "occurred is with the defendant and not the plaintiff." The cases of Leonard v. Railroad, 54 Mo. App. 293, and Blanchard v. Railroad, 60 Mo. App. 267, are in many respects quite applicable to this case, and are controlling authority against defendant's position, considered in connection with the evidence.

The judgment should be affirmed. All concur.