WM. CLARK et al., Respondents, v. ST. JOSEPH & GRAND ISLAND RY. CO. et al., Appellants.

Kansas City Court of Appeals, November 1, 1909.

COMMON CARRIERS: Shipment of Cattle to Market: Negligence: Delay in Transportation. Mere proof of delay in transportation will not support an allegation of negligence. There must be other evidence and the burden is upon the plaintiff.

Appeal from Buchanan Circuit Court.—*Hon. H. M. Ramey*, Judge.

REVERSED.

*Cyrus Crane* and *Geo. J. Mersereau* for appellant, Kansas City Southern Railway Company.

The demurrer to plaintiffs' evidence, requested by this appellant at the close of plaintiffs' case, should have been sustained. The plaintiffs failed to prove that the shipment was delivered to the defendant, The Kansas City Southern Railway Company, and that it ever received the stock for shipment. Moore on Carriers, sec. 10, p. 466; Gray v. Railroad, 119 Mo. App. 149; Myers v. Railroad, 120 Mo. App. 288. The plaintiffs have failed to prove that the delay was negligent. Ecton v. Chicago, etc., Co., 125 Mo. App. 223; Wermick v. Railroad, 109 S. W. 1027, 131 Mo. App. 37; McCrary v. Railroad, 109 Mo. App. 567; Anderson v. Railroad, 93 Mo. App. 677; Wright v. Railroad, 118 Mo. App. 392; Holland v. Railroad, 114 Mo. App. 61. The dam-

ages, if any, were speculative and based upon conjecture, and for that reason, if for no other, ought to be set aside. Helm v. Railroad, 98 Mo. App. 419; Peck v. Railroad, 31 Mo. App. 123; Freeman & Hansen v. Railroad, 118 Mo. App. 534; Hardin v. C. & A., 114 S. W. 1117. The court erred in the instructions given on behalf of the respondents.

*R. A. Brown* for appellant, St. Joseph & Grand Island Railway Co.

The demurrer requested by appellant at the close of respondents' case should have been given. There is no evidence in the record showing or tending to show negligence upon the part of the Grand Island Company. There is not one word of evidence from which negligence upon the part of that company could be inferred. It was not contended that the Grand Island Company could be held responsible as the initial carrier under the Interstate Commerce Act. Respondents' petition alleged that the cattle were to be delivered to Crider Brothers in Kansas City, Missouri. The shipment was an intrastate shipment. Whatever else may be said of the Interstate Commerce Act, its provisions could not affect a shipment of this character. It devolved upon respondents to prove not only that the Grand Island Company delayed shipment of the cattle to the damage of respondents, but that such delay was caused by the negligence of the Grand Island Company. Anderson v. Railroad, 93 Mo. App. 677; McCrary v. Railroad, 109 Mo. App. 567; Holland v. Railroad, 114 Mo. App. 61; Wright v. Railroad, 118 Mo. App. 392; Ecton v. Railroad, 125 Mo. App. 223; Wermick v. Railroad, 131 Mo. App. 37.

ELLISON, J.—Plaintiff shipped a lot of fat cattle over the road of the defendant, the Grand Island Railway Company, trom Gower, Missouri, to Crider Bros. Commission Company at Kansas City, Misouri, for the

market at the latter place. It is alleged by plaintiff that the Grand Island Company transported the cattle to Kansas City and there delivered them to the defendant, the Kansas City Southern Railway Company, which company received them and agreed to deliver to the commision firm aforesaid. It is alleged by plaintiff that there was such negligent and unreasonable delay in the shipment as caused the cattle to get in the stockyards too late for the day's market they were intended for, and that they lost in weight, etc. The judgment in the trial court was for the plaintiff.

The foregoing statement suffices for disposition of the case in the view we take of it. The ground of plaintiff's action is negligent delay. There was no evidence to sustain that ground. Conceding that there was evidence of delay in the transportation, there was no evidence that such delay was caused by negligence, and for aught that appears in the record the delay may have been unavoidable. Negligence is not shown by mere proof of delay; there must be something more, and the burden is on the plaintiff. [Ecton v. Railroad, 125 Mo. App. 223; Wernick v. Railroad, 131 Mo. App. 37; Anderson v. Railroad, 93 Mo. App. 677; Wright v. Railroad, 118 Mo. App. 392.]

The reason upon which this rule is founded is fully explained in the foregoing cases. They are based on the following decisions of the Supreme Court. [Witting v. Railroad, 101 Mo. 631; Otis Co. v. Railroad, 112 Mo. 622; and Stanard Milling Co. v. Transit Co., 122 Mo. 258.]

But it is stated by plaintiff that the St. Louis Court of Appeals has decided in Libby v. Railroad, 117 S. W. 659, that mere proof of delay made a case for the jury. The case does not so rule. The court there state that there was a delay of several hours at each of three points *en route*.

The court state specifically that "where it appears that unreasonable delays occurred without just cause

therefor, as in this case," the question of negligence is for the jury.

No case was made for the plaintiffs. We do not regard the extract from the letter of the assistant freight agent as aiding the plaintiffs' evidence in any manner. The judgment should have been for the defendants and it is accordingly reversed. All concur.