C. M. DECKER, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, October 3, 1910.

1. COMMON CARRIERS: Delayed Delivery of Stock: Pleading. Where plaintiff bases his cause of action upon the negligence of the railroad in losing part of the stock and delaying the transportation of the remainder, and not upon the common law duty as insurer, the burden of proof is upon plaintiff to affirmatively show such negligence.

2. ——. Mere proof of unusual delay in the transportation of live stock, of itself, is not proof of negligence, yet circumstances that even slightly tend to show a negligent origin of the unusual delay will support an inference of negligence.

Appeal from Bates Circuit Court.—*Hon. C. A. Denton,* Judge.

AFFIRMED CONDITIONALLY.

*Martin L. Clardy* and *Scott & Bowker* for appellant.

(1) Proof of delay in the transportation of live stock, unaccompanied by proof that it was caused by negligence, does not prove the negligence of the carrier.

Clark et al. v. Railroad, 122 S. W. Rep. 318; Standard Milling Co. v. Transit Co., 122 Mo. 258. (2) A shipper, suing a carrier for delay in transporting live stock, has the burden of proving that the delay was caused by the negligence of the carrier. Wright v. Railroad, 118 Mo. App. 392; Wernick v. Railroad, 131 Mo. App. 37; Ecton v. Railroad, 125 Mo. App. 223. (3) Instructions must be within the scope of the evidence. Hufft v. Railroad, 121 S. W. Rep. 120. (4) The party who founds his cause of action upon negligence must be prepared to establish the assertion by proof. Whitting v. Railroad, 101 Mo. 631.

*J. F. Smith* for respondent.

(1) Defendant, in the trial court, set up a special contract, and relied upon that in its defense. In the appellate court, defendant relies upon matters of defense, not contained in the contract plead in its answer in the trial court. A cause upon appeal will only be considered upon the theory and positions assumed in the trial court. Nance v. Metcalf, 19 Mo. App. 190; Fell v. Mining Co., 23 Mo. App. 216. (2) Appellant must stand or fall by the theory on which he chose to fight below. Whetstone v. Shaw, 70 Mo. 575; Walker v. Owens, 79 Mo. 568. And for this reason alone judgment should be affirmed. It is enough for the plaintiff to disclose circumstances sufficient to raise a fair inference of negligence. Anderson v. Railroad, 93 Mo. App. 677, s. c. 67, S. W. 707; Wright v. Railroad, 118 Mo. App. 396; Witting v. Railroad, 101 Mo. 631, s. c. 14, sec. 743; Otis v. Railroad, 112 Mo. 622, s. c. 20, S. W. 676. Especially is this so, where the means of showing how the delay occurred is with the defendant and not the plaintiff. Otis v. Railroad, supra; Witting v. Railroad, supra. Besides, a presumption of negligence arose upon the failure of defendant to deliver the eleven head of hogs at their destination. Maguin v. Densmore, 56 N.

Y. 168; Burnell v. Railroad, 45 N. Y. 189; Bostwick v. Railroad, 45 N. Y. 712.

JOHNSON, J.—Plaintiff, a live stock shipper, sued defendant, a common carrier, for damages to 172 hogs shipped from Butler, Missouri, to the stockyards at East St. Louis. Plaintiff delivered the hogs to defendant at Butler in the morning of October 23, 1903, and in the usual course of transportation, they should have been at the stockyards in East St. Louis the next day in time for the early morning market. From some cause or causes not disclosed, there was a long delay in the transportation and the hogs did not reach the stockyards until about nine o'clock p. m. October 25th, too late for any earlier day's market than that of October 26th. Only 161 of the hogs were delivered by defendant, the remaining eleven having been lost by defendant in the course of transportation. Those delivered suffered a shrinkage in weight on account of the transportation. The items of plaintiff's loss were $129.77, value of the lost hogs; $67.33, loss on account of shrinkage caused by the unusual delay and five dollars charged in the freight bill for feeding the hogs at Sedalia. This made a total of $202.10, which is the amount of the verdict and judgment recovered by plaintiff.

The petition alleges "that said hogs were loaded on defendant's cars and started from the station at Butler, Missouri, aforesaid, on the morning of October 23, 1907, in ample time to have reached plaintiff's consignees in time for the market on the 24th of October, 1907, but through the carelessness and negligence of defendant, and its negligent delay in shipment, said consignment of hogs did not reach its destination aforesaid, until 9 o'clock p. m. of the 25th day of October, 1907, and could not be placed on the market until the 26th of October, 1907; that when the consignment of hogs did reach its destination, eleven of said hogs, of average weight of said shipment, were missing, having, through

the negligence and carelessness of defendant, been lost in transit—the said hogs so lost were of the value of $129.77; and through the negligence and carelessness of defendant, and its negligent delay in shipment, the balance of said hogs lost by way of shrinkage in weight to the extent of $67.33, and plaintiff was compelled to expend large sums of money as extra expense in the care and feeding of said hogs, to-wit, five dollars, while delayed in transit, aforesaid."

In addition to a general denial, the answer pleads certain defenses based on the shipping contract, but in disposing of the case, we do not find it necessary to refer to these defenses. It will be observed that the specific cause of action pleaded in the petition is not a breach of the carrier's common law duty as an insurer, but is negligence of the carrier by which eleven of the animals were lost and the transportation of the remainder so delayed that plaintiff suffered damage on account of shrinkage and extra expense.

Negligence is a positive wrong and whenever the plaintiff makes it the gravamen of his pleaded cause, he must prove it affirmatively. This general rule of negligence law obtains in cases such as the present where a different cause might be pleaded. "The party who founds his cause of action upon negligence must be prepared to establish the assertion by proof. If the cause of action stands on negligence of the carrier, and not on the common law liability of the carrier as an insurer, the burden of proof is upon the plaintiff from the beginning to the end of the case." [Witting v. Railway, 101 Mo. 631; Standard Milling Co. v. Transit Co., 122 Mo. 258.] Relying on this rule, counsel for defendant argue that the evidence of plaintiff fails entirely to show negligence either in the loss of the eleven hogs or in the unusual delay in the carriage of the remainder of the shipment.

Mere proof of unusual delay in the transportation of live stock, of itself, is not proof of negligence. [Clark

v. Railroad, 122 S. W. 318.]   Yet from the very nature of the relation of carrier and shipper, circumstances that even slightly tend to show a negligent origin of the unusual delay will support an inference of negligence. [Gilbert v. Railroad, 132 Mo. App. 697, and cases cited.]

In the case in hand, there is no proof of circumstances that tend in the slightest to show that the delay was negligent.   Nothing appears beyond the fact that the shipment reached its destination some thirty-six hours late.   The delay might have had an accidental origin, or have been due to some cause beyond the control of defendant.   Neither judge nor jury would have the right to assume without proof the existence of the specific wrong alleged.   It follows that the portion of the judgment that represents damages resulting from the unusual delay, *viz.*, the items of loss on account of shrinkage in weight and the extra expense of feeding at Sedalia, cannot be allowed to stand since they are unsupported by evidence.   As to the lost animals, we think the evidence is sufficient to support the inference that they were lost through the negligence of the carrier.   The proof shows they were shipped in the same cars that carried the remainder of the shipment.   It is difficult to understand how they, only, could have escaped or been taken from the cars en route had defendant exercised reasonable care.   The rule has the support of the weight of authority that the mere facts that property is lost by the carrier in transportation and that the circumstances of the loss are suffered to remain unexplained are presumptive evidence of negligence on the part of the carrier.   [Maguin v. Densmore, 56 N. Y. 168; Burnell v. Railway, 45 N. Y. 189; Browning v. Transportation Co., 78 Wis. 391; Express Co. v. Walker (Ky.), 83 S. W. Rep. 106.]

Plaintiff has discharged his burden of proof with respect to the lost animals and since we find no other error in the record than that already noted and find that the judgment can be purged of that error by re-

mittitur, we shall affirm the judgment on condition that a remittitur of $72.33 be filed by plaintiff within ten days from the filing of this opinion.

It is so ordered. All concur.