ABE RIDGEWAY et al., Respondents, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 5, 1912.

1. CARRIERS OF LIVE STOCK: Delayed Shipment. Plaintiff sued for damages for negligent delay in delivery of a shipment of hogs. *Held*, that as it was not shown that the defendant was guilty of negligence in failing to deliver the shipment in a reasonable time at its destination, the carrier was not liable in damages.

2. ———: ———: Pleading: Amendment. Where a petition is permitted to be amended at the close of all the evidence by inserting a material allegation necessary to the case, but making no substantial change in the claim, no error is committed.

. Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

REVERSED AND REMANDED.

*C. B. Sebastian* and *Lee W. Hagerman* for appellant.

(1) The original petition stated no cause of action, either in tort or in contract. While it alleged that defendant "undertook and agreed" it alleged no consideration, and it alleged no breach of contract; it simply alleged that the shipment was "by the negligence of defendant . . . delayed and not delivered within a reasonable time." This did not consti-

tute a cause of action in contract. Wernick v. Railroad, 131 Mo. App. 37. The obvious intention of the pleader was to state a case in tort for negligent delay, but he failed to allege the ownership of the hogs to be in plaintiffs. For this reason the petition failed to state a good cause of action in tort. (2) Since the petition failed to state a cause of action by failing to allege ownership, the motion to reject evidence made at the threshold of plaintiffs' case should have been sustained and the case allowed to progress no further. The error of the court in overruling this motion was thereby preserved and cannot be cured by a later amendment. The case should be reversed for the failure to sustain this motion. R. S. 1909, sec. 2021. This instruction, under a petition charging negligence as the cause of the delay, fails to specify the acts constituting the negligence. Cornett v. Railroad, 138 S. W. 51; Casey v. Bridge Co., 114 Mo. App. 47. The instruction is bad in that, under a petition sounding in tort, it presents the question to the jury as if the action sounded in contract. Wernick v. Railroad, 131 Mo. App. 37. Where plaintiff charges negligent delay as the ground of his action the burden is on him to prove negligence; and mere proof of delay of itself without other proof tending to show negligence is not sufficient to warrant recovery. Decker v. Railroad, 149 Mo. App. 534, 131 S. W. 118; Otrich v. Railroad, 134 S. W. 665; Clark v. Railroad, 138 Mo. App. 424.

*J. L. Stephens* for respondents.

(1) Counsel for appellant urge that the petition states no cause of action. The petition as amended pending the demurrer alleges the contract to transport and deliver the hogs of plaintiff to the National Stock Yards at East St. Louis, Illinois; also that by reason of the negligent delay in said transportation

said hogs were not delivered within a reasonable time, and the proof shows it. It then devolved upon appellant to rebut the facts shown. Pinkerton v. Railroad, 117 Mo. App. 288; Lucker v. Railroad, 50 Mo. 385; Ball v. Railroad, 83 Mo. 574; Leonard v. Railroad, 54 Mo. App. 293; Douglass v. Railroad, 53 Mo. App. 473. The question of unreasonable delay is a question for the jury, supra. (2) Appellant contends for his third point that the court should not have allowed respondent to amend after the case was submitted to the jury. The petition was amended by leave of court before the case was finally submitted to the jury, this was done at the close of plaintiff's evidence to conform to the evidence and which may be done even after all the evidence is in. This is the general practice. The court may permit an amendment of the petition after the close of the evidence and the conclusion of the argument of counsel. Blain v. Railroad, 89 Mo. 383. It is proper to permit before final judgment, a petition to be amended to conform to the facts. Lamb v. Railroad, 33 Mo. App. 489; Wetzell & Griffith v. Wagoner, 41 Mo. App. 509. The allowance of amendments at the trial is within the sound discretion of the trial court. Greene v. Gallagher, 35 Mo. 226; Hixon v. Selders, 46 Mo. App. 275; Butcher v. Death, 15 Mo. App. 271; McMurry v. Martin, 26 Mo. App. 437; Coleman v. Drane, 116 Mo. 387; State ex rel. v. Gage, 52 Mo. App. 464. (3) Counsel insists that there is a total lack of proof of delay or negligence on the part of the company. The proof is certain and undisputed, where the delay is unusual negligence is presumed and it is for the carrier to rebut this presumption. Schwabe v. Union Line, 13 Mo. App. 159; Railroad, 60 Mo. 199. An unnecessary delay is a negligent delay and the allegation of the petition shows that the negligence consists in an unnecessary delay—the proof shows that the hogs did not arrive at the National Stock Yards for more than twenty-four hours after they

were due to leave Rutland, Boone county, Missouri. These hogs were being shipped to market and it was the duty of the carriers to deliver them without unnecessary delay. Where so much more time is taken in the transportation of stock for the market than is necessary the burden is on the carriers to rebut the presumption of negligence. Ratliff v. Railroad, 118 Mo. App. 644; McFall v. Railroad, 117 Mo. App. 497.

BROADDUS, P. J.—The plaintiffs tried their case upon the following statement of the cause of action: "Plaintiffs for their cause of complaint state that defendant is a corporation organized under the laws of the state of Missouri, and doing business as a common carrier, and as such undertook and agreed to transport from Rutland, Boone county, Missouri, over their line of railway to the National Stock Yards, East St. Louis, Illinois, one carload of hogs, on the 26th day of October, 1910, and that by the negligence of said defendant company, said carload of hogs was delayed and not delivered within a reasonable time at the National Stock Yards in East St. Louis; that said carload of hogs should have arrived at said destination by six o'clock on the morning of October 27, 1910, in time for early market, but by reason of said negligence of said company did not arrive until the afternoon of said date last mentioned, and that by reason thereof said carload of hogs was damaged and delivered in bad condition, and that the damage of these plaintiffs is as follows: Loss in shrinkage of hogs, depreciation in market value and extra feed and attention to same, total damages—$106.18. For which sum plaintiffs pray judgment and costs of this suit."

After the plaintiff, Ridgeway, had been sworn and put upon the stand to testify the defendant objected to the introduction of any evidence for the reason that the petition did not state a cause of action, in that,

"it fails to allege the ownership of the hogs claimed to have been delayed and further fails to allege any contract of shipment between plaintiffs and defendant." The court overruled the objection and defendant excepted to the ruling of the court. The court, however, suggested that the plaintiffs had better take a nonsuit. This plaintiffs declined to do, and with the consent of the court proceeded with their evidence.

The testimony showed that plaintiffs loaded and shipped their hogs on defendant's railroad about 3 o'clock on October 26, 1910. The witness was asked to state what time they arrived in St. Louis. He answered: "Well, they arrived there too late for the market." Defendant's counsel asked him if he "were there." He said no, whereupon the counsel said: "We object." The court said: "I don't know how he knows it. Overruled." Q. "When did they arrive?" Counsel again objected unless the witness had personal knowledge. The objection was overruled and the witness stated about 4 o'clock, too late for the market of that day; that they were sold on the 28th; that the market on the 27th was $9.30 at the top; that plaintiffs' hogs sold on the 28th for $9.00; that the hogs should have arrived in East St. Louis about 9 o'clock on the 27th, but did not get there until 4 o'clock, which was too late for that day's market; that there were about 700 pounds shrinkage; that the hogs were shipped to the Bright Live Stock Commission Company; and that the plaintiffs owned the hogs. Defendant's counsel asked that all the foregoing evidence be stricken out for the reason that it does not tend to prove any issue made by the pleadings. The court overruled the motion and defendant objected to the ruling of the court. Upon cross-examination it developed that the witness was not in East St. Louis when the hogs arrived, but that he got a telegram stating the time, and that his only knowledge as to

the time when they were sold was derived from a bill
of sale. The bill of sale showing when the hogs were
sold, and at what price, and their weight was intro-
duced over the objections of defendant. The bill of
sale is not copied in the record. The court reporter
says that it was omitted because the plaintiffs would
not furnish it. The witness admitted that he had
made a mistake in the weight of the hogs in a state-
ment rendered to defendant, and was unable to state
their true weight; but he was allowed to make an esti-
mate of it. This was about all the material evidence
tendered. The defendant asked the court to instruct
the jury under the pleadings and evidence to return
a verdict in its favor.

Before passing on the demurrer the court took
a recess, and when the court reconvened plaintiff made
application to amend the petition by interlineation
which the court granted. Defendant insisted that the
amendment came too late and that the facts did not
warrant it. The amendment was to the effect that
the undertaking of the defendant was with plaintiffs;
and that the hogs were the property of plaintiffs. The
defendant's demurrer was by the court overruled and
the following instruction given at the instance of the
plaintiff: "You are instructed that it was the duty
of the defendant company to transfer and deliver the
hogs in question to the National Stock Yards at East
St. Louis, within a reasonable time and without un-
necessary delay, and if you find from the evidence
that the defendant did not so transport and deliver
plaintiffs' hogs to said place of destination within a
reasonable time and without unnecessary delay, then
your verdict must be for the plaintiffs for the differ-
ence in the market value at the National Stock Yards,
Ill., of said hogs when the hogs should have been de-
livered and the market value at said National Stock
Yards when the hogs were actually delivered for the
market, together with loss and damages from extra

shrinkage as you may find from the evidence, not to exceed the total sum of $106.18.'' The jury returned a verdict for plaintiffs for $70. The defendant appealed from the judgment.

A question of first importance is presented, and that is the right of plaintiffs to amend their petition under the circumstances. The law is very liberal in its provisions for amendment of pleadings in the interest of justice. This does not mean justice for one side alone to the controversy, but to both. Where there is a variance between the allegation in the pleading and the proof and the adverse party has not been misled to his prejudice, the variance shall not be deemed material, but when it is made to appear that the other party has been so misled, the pleadings may be amended on such terms as shall be just. [Section 1846, R. S. 1909.] And the court is authorized in the furtherance of justice to "amend any record, pleading, etc., . . . by adding or striking out the name of any party, by correcting a mistake in the name of the party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." [Section 1846, R. S. 1909.] The amendment does not come within the purview of section 1846 for the reason that it was not made for the purpose of making the pleading conform to the testimony, but to supply a necessary allegation without which the plaintiff was not entitled to recover. It was not a question of variance but of a defect in the petition. If the amendment was permissible it must come within the provisions of section 1848. The amendment inserted a material allegation necessary to the case and did not change substantially the claim or defense to the action. With this view of the question, we hold that the amendment was admissible under the code.

But the case will have to be reversed for a differ-
ent reason. The plaintiffs' cause of action was found-
ed on negligence, which they failed to sustain by any
evidence whatever. It was not shown that the defend-
ant was guilty of negligence in failing to deliver the
shipment in a reasonable time at its destination. The
mere fact that there was delay in delivering the ship-
ment on the market did not show negligence. Noth-
ing appears in proof that the shipment did not reach
East St. Louis until the afternoon of October 27th, a
few hours later than the time, in which it should have
arrived. Such delay may have been caused by some
accident or other cause beyond the defendant's control.
[Decker v. Railway, 149 Mo. App. 534; Ecton v. Rail-
way, 125 Mo. App. 223; Clark v. Railway, 138 Mo. App.
424; Otrick v. Railroad, 154 Mo. App. 420.]

Respondents contend that proof of unusual de-
lay establishes negligence. It is true that delay in
such cases may be so great and unusual that negli-
gence may be presumed. But this case, as we have
seen, does not come within that rule. Reversed and
remanded. All concur.