JAMES McDOWELL, Respondent, v. MISSOURI PACIFIC RAILWAY CO. Appellant.

**Kansas City Court of Appeals, December 31, 1912.**

CARRIERS: Cattle: Shipment: Delay: Negligence: Evidence. When a cause of action is based on the carrier's negligence in failing to deliver cattle to the place of shipment in a reasonable time, the onus is on the plaintiff to establish the negligence by something in addition to the mere fact of delay.

Appeal from Moniteau Circuit Court.—*Hon. John M. Williams,* Judge.

REVERSED AND REMANDED

*Roy D. Williams* and *C. D. Corum* for appellant.

The plaintiff offered no evidence to establish proof of the defendant's negligence. Mere proof of delay was not sufficient proof of negligence; therefore defendant's instructions in the nature of a demurrer to the evidence should have been sustained. Whitting

Railroad, 101 Mo. 640; Otis v. Railroad, 112 Mo. 633; Anderson v. Railroad, 93 Mo. App. 679; Standard Mill Co. v. Transit Co., 122 Mo. 258; McCrary v. Railroad, 109 Mo. App. 569; Wright v. Railroad, 118 Mo. App. 396; Ecton v. Railroad, 125 Mo. App. 225; Clark v. Railroad, 128 Mo. App. 424; Wernick v. Railroad, 131 Mo. App. 52; Lay v. Railroad, 157 Mo. App. 473. The verdict was excessive and not supported by the evidence. Instruction "2," limiting the damages to the expenditure necessary to restore the cattle to the original condition should have been given. Bunn v. McNeely, 75 Mo. App. 233; Hendricks v. Railroad, 80 S. W. 970; Elliott on R. R., Sec. 1734.

*R. M. Embry* and *N. C. Hickcox* for respondent.

The defendant did not deliver the cattle in California, Mo., until forty-two hours after they had been loaded into its car, in East St. Louis, the distance between the two points being about 160 miles. The rate of speed in transporting the cattle was therefore less than four miles an hour on the average. A reasonable time for such transportation is twelve or fourteen hours. The delay, the condition of the cattle and all facts and circumstances make defendant liable. These undisputed facts, required defendant to show reason for not paying damage. This it failed to do. Appellant fails to cite and we fail to find any case, which excused defendant, where the time used by defendant for transportation was three times what was necessary and usual. Schwab v. Union Line, 13 Mo. App. 159; Lay v. Railroad, 157 Mo. App. 467. In second division of defendant's brief, he complains about negligence, not being defined, etc., in the court's instructions. It is not necessary. Furthermore, defendant should have requested that the instructions be more specific. Sweeney v. K. C. Cable Ry. Co., 150 Mo. 401;

Rippetoe v. Railroad, 138 Mo. App. 402; Ashley v. Gravel Road Co., 111 Mo. App. 76; Rattan v. Central Electric Ry. Co., 120 Mo. App. 270.

ELLISON, J.—Plaintiff shipped a car-load of cattle with defendant from East St. Louis, Illinois, to California, Missouri. They were damaged by shrinkage, etc., by alleged negligent delay in the shipment and plaintiff brought this action for damages and prevailed in the trial court.

The evidence showed delay several hours beyond a reasonable time in the arrival of the cattle, considering the distance from the place of shipment. But there was no evidence of negligence. Mere delay does not establish negligence. Plaintiff proved delay, but not that it was occasioned by the negligence of which he complained in his petition. Having elected to bring his action on defendant's negligence, the onus was on him to show it. McCrary v. Ry. Co., 109 Mo. App. 567; Ecton v. Ry. Co., 125 Mo. App. 223; Anderson v. Ry. Co., 93 Mo. App. 677; Wernick v. Ry. Co., 131 Mo. App. 37, 52; Lay v. Ry. Co., 157 Mo. App. 467. These cases are founded on Standard Milling Co. v. Transit Co., 122 Mo. l. c. 276; Otis v. Ry., 112 Mo. 622, and Witting v. Ry. Co., 101 Mo. 631.

An instruction for defendant in line with the law just stated was refused, for which the judgment will be reversed; and as plaintiff may be able to supply proof of negligence, we will remand the cause. All concur.