WILLIAM N. GREGORY, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, November 17, 1913.**

1. **CARRIERS OF LIVE STOCK: Damages: Delayed Shipment.** The plaintiff sued to recover damages from the defendant for a delayed shipment of fat cattle from Rosendale to Chicago. The cattle were unloaded, fed and watered at Galesburg, and were delayed at Mendota on account of a wreck, finally arriving in Chicago too late for that day's market. *Held*, that the unusual delay in transportation was not caused by the defendant's negligence.

2. ————: ————: ————: **Inference of Negligence.** Mere proof of an unusual delay in the transportation of property by a common carrier will not support an inference that such delay was due to the negligence of the carrier, but since the means of showing how such delay occurred is with the carrier and not the shipper, it would be "enough for the plaintiff to disclose circumstances sufficient to raise a fair inference of negligence."

3. ————: ————: ————: **Evidence.** In order to raise an inference of negligence there must be some evidence of negligence and the burden of proving that fact is on the plaintiff who asserts a right to receive damages on the ground that he was damaged by such negligence.

4. ————: **Negligence: Damages.** A carrier is not liable in an action for damages for accidental or unavoidable delays but only for those caused by its negligence.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes,* Judge.

REVERSED.

*W. D. Eaton* and *Booher & Williams* for appellant.

(1) Negligence is a positive wrong and must be proven. Cunningham v. Railroad, 167 Mo. App. 273; Lay v. Railroad, 157 Mo. App. 468, 138 S. W. 884; Decker v. Railway Co., 149 Mo. App. 534. (2) Mere delay in shipment does not establish negligence. McDowell v. Railroad, 167 Mo. App. 273; Lay v. Railroad, 157 Mo. App. 468, 138 S. W. 884; Decker v. Railway Co., 149 Mo. App. 534; Clark v. Railroad Co., 138 Mo. App. 424; Eaton v. Railroad Co., 125 Mo. App. 223; Otrich v. Railroad Co., 154 Mo. App. 420. (3) The court should have instructed the jury to find for defendant. Clark v. Railroad, 138 Mo. App. 424; Eton v. Railroad, 125 Mo. App. 223; Witting v. Railroad, 101 Mo. 631.

*Stephen Fee* and *P. C. Breit* for respondent.

(1) Negligence is the want of care and diligence. (2) Mere delay in shipment does not establish negligence yet where the fact of delay is supplemented by evidence of the cause, it may show that it was negligence. Wright v. Railroad, 118 Mo. App. 392; Bushnell v. Railroad, 118 Mo. App. 618; Lay v. Railroad, 157 Mo. App. 468; Muir v. Railroad, 168 Mo. App. 542. (3) Negligence may be inferred from circumstances. Muir v. Railroad, 168 Mo. App. 542; Bushnell v. Railroad, 118 Mo. App. 618; Gilbert v. Railroad, 132 Mo. App. 697; Decker v. Railroad, 149 Mo. App. 534; Anderson v. Railroad, 93 Mo. App. 677.

JOHNSON, J.—Suit against a common carrier to recover damages caused by negligent delay in the transportation of twenty head of fat cattle from Rosendale, Missouri, to the stockyards at Chicago. Plaintiff prevailed in the circuit court and the cause is here on the appeal of defendant. The principal

question for our determination is whether or not the evidence of plaintiff will support the finding of the jury expressed in their verdict that defendant negligently failed to carry the cattle to their destination within a reasonable time.

The shipment left Rosendale about nine o'clock a. m. on Tuesday, September 19, 1911, on a local freight train, and did not reach the stockyards at Chicago until the following Thursday at 1:50 o'clock p. m., too late for that day's market. Plaintiff, who has had years of experience in shipping cattle from Rosendale to Chicago over defendant's line, testified that the usual time consumed in such shipments where, as in this instance, the cattle were unloaded at Galesburg for food, water and rest, is forty-four hours and therefore that a shipment of cattle leaving Rosendale at nine o'clock Tuesday morning should arrive in Chicago at the stockyards before six o'clock Thursday morning in ample time for that day's market. According to this testimony which in the consideration of the question before us we must accept as true, there was an unusual delay of eight or nine hours in the transportation.

The gist of the action is negligence and it has been held repeatedly by courts of last resort in this State that mere proof of an unusual delay in the transportation of property by a common carrier will not support an inference that such delay was due to negligence of the carrier, but that since the means of showing how such delay occurred is with the carrier and not the shipper, it would be "enough for the plaintiff to disclose circumstances sufficient to raise a fair inference of negligence." [Anderson v. Railroad, 93 Mo. App. 677; Bushnell v. Railroad, 118 Mo. App. 618; Gilbert v. Railroad, 132 Mo. App. 697; Decker v. Railroad, 149 Mo. App. 534; Muir v. Railroad, 168 Mo. App. 542; Wright v. Railroad, 118 Mo. App. 392; Lay v. Railroad, 157 Mo. App. 467.] As we observed in the Bush-

nell case, "circumstances that even slightly tend to show a negligent origin of the unusual delay will support an inference of negligence." But all of the cases recognize and emphasize the rule that there must be some evidence of negligence and that the burden of proving that fact is on the plaintiff who asserts a right to recover damages on the ground that he was damaged by such negligence.

The car of cattle remained in the local freight train until it reached Creston, Iowa, which was the end of the run of that train. The car was put in the first regular stock train going east from Creston and left that place on time. There is some evidence of unnecessary delays in the operation of the local freight train after it left Rosendale but this evidence, obviously, is immaterial since the fact is undisputed that the cattle went out of Creston on time and on the train that would have carried them had the local freight train arrived at Creston on schedule time.

The train that carried the shipment from Galesburg into Chicago did not leave on schedule time but the evidence does not show how late it was. Counsel for plaintiff say in their brief "the fact that appellant was late with its train out of Galesburg is sufficient to raise the inference of negligence and especially is this true where, as in this case, the means of showing why it was late was with the appellant." But this argument seems to ignore the rule that mere delay, of itself, will not support an inference of negligence. There is nothing in the evidence that even tends to show any negligent delay in the run from Creston to Galesburg. The transportation had already covered a distance of, perhaps, 325 miles and the cattle had been unloaded at Galesburg, put in stock pens, kept there at least five hours, and then reloaded. It would be more reasonable to suppose, in the absence of proof to the contrary, that the delay in leaving Galesburg under all the circumstances disclosed was due to accidental or unavoid-

able causes rather than to negligence. A delay of about four hours occurred at Mendota, which is about eighty miles from Galesburg. Defendant's road crosses another railroad at that place and the crossing became blocked by a wreck that occurred on the other road. The wreck was caused by the parting of a train and could not have been due to any negligence of defendant.

Plaintiff seeks to hold defendant responsible for that delay on several grounds. First, because the evidence shows that had the train left Galesburg on time and proceeded without delay it would have been seven miles beyond, instead of nine miles short of Mendota, when the wreck occurred. We have sufficiently answered this argument by referring to the lack of proof tending to show that the delay in leaving Galesburg was negligent. Next, plaintiff invokes the rule applied in the cases of McFall v. Railroad, 117 Mo. App. 477; Vencill v. Railroad, 132 Mo. App. 722; Thompson v. Railroad, 136 Mo. App. 407, to the effect that the burden is on the carrier to show that a wreck on its line that caused a delay in the transportation of property was not due to its own negligence.

But that rule cannot aid plaintiff since it clearly appears that the cause of the blockade was one which was entirely beyond the power of defendant to prevent. As we have already said defendant cannot be held liable in this action for accidental or unavoidable delays but only for those caused by its negligence and, lastly, it is urged that since defendant's track was cleared in two hours and seven minutes after the wreck occurred it was negligence to hold the train for more than an hour longer.

The conductor testified that the train proceeded on its way as soon as the train dispatcher issued the order for it to go on. We must assume (there being no proof to the contrary) that the dispatcher acted with care and reasonable diligence in giving order to move trains

that had gathered at the crossing during its blockade. To allow the jury to return a verdict against defendant on the finding that the dispatcher should have issued this particular order earlier would be to allow them to indulge in mere guesswork and speculation.

Moreover if the order had been issued as soon as the blockade was lifted the cattle would not have reached the stockyards in time for that day's market which was over at noon.

We have examined the record carefully and find no evidence that the unusual delay in the transportation was caused by negligence. The jury should have been instructed to return a verdict for defendant. The judgment is reversed. All concur.