WM. H. SIKES and ALFRED E. SIKES, Doing Business Under the Firm Name of SIKES BROTHERS, Respondents, v. ST. LOUIS AND SAN FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, May 19, 1915.

1. APPEAL AND ERROR: Refusal of Peremptory Instruction: Light in Which Case Reviewed. Verdict for plaintiff, defendant on appeal contending that the trial court erred in refusing its requested peremptory instruction. The appellate court determines such contention in the light of the evidence most favorable to plaintiff.

2. CARRIERS: Live Stock Shipment: Delay. Action by shipper of live stock for delay in shipping. In order to recover plaintiff must at least make a prima-facie showing that the delay was caused by the negligence of the carrier.

3. JUDICIAL NOTICE: Location of Towns, Cities and Counties. That Crystal City is a town located in Jefferson county which adjoins St. Louis county, which joins the city of St. Louis, is a fact of which the court takes judicial notice.

4. CARRIERS: Shipment of Stock: Delay in: Evidence. Action against carrier by shipper of live stock for delay in shipping. Evidence examined and considered sufficient to sustain the finding that the delay was unreasonable.

5. ———: ———: ———: ———. In an action against a carrier for negligent delay in a shipment of cattle, evidence considered sufficient to warrant submission to jury of whether the delay was negligent.

6. INSTRUCTIONS: Carriers of Live Stock: Delay in Shipment: Harmless Error. Action against a carrier for negligently delaying a shipment of live stock. An instruction was given predicating recovery upon delay, instead of negligent delay. In view of other instructions given which laid due stress on negligence, the instruction was not prejudicial error.

7. ———: Conflict in: When Not: Carriers of Live Stock. Action against carrier for negligent delay in shipment of live stock. Instructions of plaintiff and defendant held not contradictory, as naming different destinations.

Appeal from Scott County Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

. *W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellant.

(1)    The peremptory instruction requested by defendant should have been given.  A showing of mere delay, with nothing more, is insufficient to support a recovery for delay in the transportation of live stock. Mere proof of delay is not proof of negligence.  Ecton v. Railroad, 125 Mo. App. 226; Wernick v. Railroad, 131 Mo. App. 52;  Clark v. Railroad, 138  Mo. 426; Decker v. Railroad, 149 Mo. App. 537; Otrich v. Railroad, 154 Mo. App. 435; Lay v. Railroad, 157 Mo. App. 473; Ridgeway v. Railroad, 161 Mo. App. 267; McDowell v. Railroad, 167 Mo. App. 576; Hickey v. Railroad, 174 Mo. App. 408; Gregory v. Railroad, 174 Mo. App. 550.  (2) The court erred in giving instruction number 1 for plaintiffs.  This instruction permitted a recovery by plaintiffs if the cattle were not transported within a reasonable time, irrespective of whether the delay was caused by defendant's negligence or not. Negligence is the gist of the action.  Authorities cited under point 1.  Witting v. Railroad, 101 Mo. 639; Otis Co. v. Railroad, 112 Mo. 633; Milling Co. v. Transit Co., 122 Mo. 276; Fish Co. v. Transportation Co., 143 Mo. App. 57-58; Bockserman v. Railroad, 169 Mo. App. 172-3; Yontz v. Railroad, 174 Mo. App. 482; Bell v. Railroad, 125 Mo. App. 667; Bolles v. Railroad, 134 Mo. App. 704.  (3)  Instruction number 2 given for plaintiffs is erroneous and conflicts with instruction number 2 given for defendant.  It is reversible error to give conflicting instructions, no matter at whose instance they are given.  Such instructions furnish no guide to the jury.  Bluedorn v. Railroad, 108 Mo. 450;

Stevenson v. Hancock, 72 Mo. 612; Stone v. Hunt, 94 Mo. 475; Berryman v. Cox, 73 Mo. App. 73; Kelley v. Railroad, 153 Mo. App. 119-120.

*Gresham & Moore* for respondent.

(1) There was no error in failure of the court to give peremptory instruction for the defendant; for if the court holds that under the pleadings and under the trial of this case it was necessary to show negligence, the court will likewise hold that there was negligence as well as inference of negligence, and again defendants have not set up that they were excused on account of delay. Sloop v. Railroad, 93 Mo. App. 605; Anderson v. Railroad, 93 Mo. App. 677; Lay v. Railroad, 57 Mo. App. 467; Nance v. Metcalf, 19 Mo. App. 190; Fell v. Mining Co., 23 Mo. App. 216; Whetstone v. Shaw, 70 Mo. 575; Walker v. Owens, 79 Mo. 568; Gilbert v. Railroad, 132 Mo. App. 697; Fullbright v. Railroad, 118 Mo. App. 482; Wright v. Railroad, 118 Mo. App. 392; Libby v. Railroad, 137 Mo. App. 276; Muir v. Railroad, 167 Mo. App. 542; Produce Co. v. Railroad, 168 Mo. App. 168; Holland v. Railroad, 133 Mo. App. 694; Holland v. Railroad, 139 Mo. App. 702; Decker v. Railroad, 149 Mo. App. 534. (2) No error was committed by the court in giving instruction number one for the plaintiff for the reason that instruction number two supplied the word negligent, and again the defendant accepted the theory set out in plaintiff's said instruction number one, by asking for the same declaration of law in its instruction number one; in fact this instruction did not seek or intend to cover the whole case, and is the law as far as it goes. Bell v. Railroad, 125 Mo. App. 667; Whetstone v. Shaw, 70 Mo. 575; Walker v. Owens, 79 Mo. 568; Tarnberger v. Railroad, 250 Mo. 46; Wilson v. Railroad, 169 Mo. App. 405; Hoover v. Western Coal & Mining Co., 160 Mo. App. 326; McCreary v. Railroad, 109 Mo. App.

570; Thompson v. Railroad, 136 Mo. App. 406. (3) Instruction number two given for the plaintiff is not erroneous and it was not error to give it. The law was correctly stated in it and instructions don't have to be in harmony if the correct instruction was given in favor of the winning party, or if on all the proof it appears the verdict is for the right party. Kelly v. Railroad, 153 Mo. App. 119; Baker v. Railroad, 122 Me. 533; Stone v. Hunt, 94 Mo. 475; Binedorn v. Railroad, 108 Mo. 439; Holland v. Railroad, 139 Mo. App. 702; Russell Grain Co. v. Railroad, 114 Mo. App. 496; Union Produce Co. v. Railroad, 168 Mo. App. 168; Cronan v. Railroad, 149 Mo. App. 392-393; McFall v. Railroad, 117 Mo. App. 477.

FARRINGTON, J.—Plaintiffs shipped two cars of cattle on defendant's railroad from Sikeston and McMullin, Missouri, to the National Stock Yards, Illinois. There was an alleged negligent delay in the shipment so that the cattle did not arrive in time to be sold on the market of the day they should have been and extra shrinkage was caused and thus damaged plaintiffs who were compelled to hold the cattle over for the next day's market. Plaintiffs also had to buy extra feed to the amount of $6.80. Judgment was asked for $137.99, and a default judgment for that amount was rendered in the justice court. Upon trial anew in the circuit court ten jurors signed a verdict in plaintiffs' favor for $125. Defendant prosecutes this appeal and contends among other things that the trial court erred in refusing its proffered peremptory instruction.

The verdict being in plaintiffs' favor, it is to the evidence most favorable to them that we must look. We take it, therefore, that the delay in transit occurred and that the extra shrinkage was as great as plaintiffs claim and that they paid out the money for extra feed and that the verdict for $125, if there is lia-

bility at all, is well supported by evidence. It may also be conceded that had the shipment gone through in the number of hours usually necessary for such shipments between the points mentioned, the cattle would have arrived at the stockyards between eight and ten o'clock on the morning of January 7, 1913, and would have been ready to offer to buyers on that day's market.

The question for our determination, raised by the defendant when it offered a peremptory instruction, is as to whether there is any evidence whatever to support the charge of the petition that there was a *negligent* delay, for, unless that is shown to the extent of making out a prima-facie case in plaintiffs' behalf, there is no liability. This conclusion is so well founded upon decisions of our courts that an extensive review of what has been said on the subject would be entirely inexcusable. [See, McDowell v. Railroad, 167 Mo. App. 576, 152 S. W. 435; Hickey v. Railroad, 174 Mo. App. l. c. 411, 412, 160 S. W. 24; Gregory v. Railroad, 174 Mo. App. 550, 160 S. W. 830; Ridgway v. Railroad, 161 Mo. App. 260, 143 S. W. 532; Otrich v. Railroad, 154 Mo. App. l. c. 435, 134 S. W. 665; Decker v. Railway Co., 149 Mo. App. 534, 131 S. W. 118; Clark v. Railway Co., 138 Mo. App. 424, 122 S. W. 318; Wernick v. Railroad, 131 Mo. App. l. c. 52, 109 S. W. 1027; Ecton v. Railway Co., 125 Mo. App. 223, 102 S. W. 575.] The ground upon which plaintiffs must recover is that there was an unreasonable time consumed in transit due to defendant's negligence, and "when the cause of action stands on the ground of negligence on the part of the carrier, the burden of proof is upon the plaintiff." [Witting v. Railway Co., 101 Mo. l. c. 639, 640, 14 S. W. 743; Stanard Milling Co. v. Transit Co., 122 Mo. l. c. 276, 26 S. W. 704.]

In the petition the plaintiffs alleged that twenty-four hours is the reasonable, usual and ordinary time required for such a shipment between the points mentioned, but in their testimony put it at from eighteen

to twenty hours and one of their witnesses said the usual time was from sixteen to twenty hours.

The plaintiffs did not accompany their stock. Both cars were loaded about 12:00 or 12:30 o'clock, January 6, 1913, on the same train and moved out almost immediately. Plaintiffs' witness Baker also had a shipment of cattle in this train, and accompanied his stock on that train as far as Crystal City, where he boarded a passenger train and did not see the cattle again until they were at the stockyards. There is no testimony as to the location of Crystal City, but it is a fact of which we take judicial notice that Crystal City is a town in Jefferson county (State v. Pennington, 124 Mo. l. c. 391, 392, 27 S. W. 1106; Comfort v. Ballingal, 134 Mo. l. c. 291, 35 S. W. 609; Johnson v. Hutchinson, 81 Mo. App. l. c. 304; Bishop v. Life Ins. Co., 85 Mo. App. l. c. 306), and that the boundaries of Jefferson county touch those of St. Louis county (State v. Pennington, supra) which adjoins the city of St. Louis, and the evidence shows that these cars were taken across the river from St. Louis to the National Stock Yards. So that it is shown that witness Baker was on this freight train during the greater part of the trip. He gave the following testimony: "There were no washouts or strikes or anything that I saw to prevent the train from running at its usual rate."

One of the plaintiffs went to St. Louis the night of January the sixth on a passenger train over the same track that the stock traveled, and testified that "there were no wrecks, strikes or anything on the road to cause delay to these shipments that I could see; the passenger went through all right." He did not know when the cattle reached St. Louis nor when they reached the stockyards, but knew they were unloaded at two o'clock on the seventh, too late for that day's market.

The evidence is somewhat confusing. Witness Baker testified: "They came in next day about two

o'clock. . . . I was there at two o'clock when these
cattle arrived.'' Speaking of the time he left the stock
at Crystal City, he testified: ''I first saw them after
that at the chutes. They were unloaded at two
o'clock.'' A. J. Milton, a member of the firm to whom
the cattle were consigned, in cross-examination stated:
''These cattle reached the stockyards at two o'clock,
p. m., January seventh.''

The only evidence introduced by defendant was
the deposition of a switchman employed by the Ter-
minal Railroad Association of St. Louis who knew by
referring to some record that he handled one of these
cars. He stated that this stock was brought from St.
Louis by the Terminal Railroad Association across the
river to the ''eastbound yard'' in East St. Louis, and
that he took charge of it there at 11:10 a. m. and reached
the National Stock Yards with it at 11:15 a. m. and
placed the car he knew of handling at the chutes for
unloading at two o'clock p. m. The reason he gave for
the delay between the time of arrival and the time of
unloading was that there were several trains of stock
ahead of him.

Giving plaintiffs' evidence the construction which
it is entitled to receive, a finding would be justified
therefrom that this shipment, allowing it a ''reason-
able time'' according to one witness for plaintiffs,
should have reached East St. Louis within sixteen,
hours and that would have been at 4:30 a. m. January
7, 1913; or, taking the ''reasonable time'' testified to
by the plaintiffs themselves (eighteen to twenty hours),
the stock should have reached the stockyards by 8:30
a. m. Instead, if we take the most favorable con-
struction of the evidence, it did not reach there until
two p. m. Therefore, the shipment did not go through
in a reasonable time and the delay must be said to
have been unreasonable. But in the case of Winslow v.
Railroad, 170 Mo. App. 617, 622, 157 S. W. 96, the court
condemned an instruction given at plaintiff's request

to the effect that, the shipper having proved an unreasonable delay in the transportation of stock, the burden was on the carrier to prove that such delay was not the result of negligence. In the course of the opinion the court said: ''No inference of negligence may be drawn from the mere fact of delays in the operation of railroad trains. Delays are more often due to accidental or necessitous causes than to negligence and its requires proof of more than mere delay to raise an inference of negligence.'' Nevertheless, it is held in numerous decisions that delay, shown under such circumstances as to raise even a slight inference of negligence is sufficient. [McFall v. Railroad, 181 Mo. App. l. c. 149, 168 S. W. 341, and cases cited.] In that case, there were delays at several points en route, some of which were unexplained, and therefore the question of negligence was properly for the jury. [See, also, McFall v. Railroad, 181 Mo. App. l. c. 249, 250, 168 S. W. 344.] In Hunt v. Railway Co., 187 Mo. App. 639, 173 S. W. 61, there was a delay of eight hours at the point of shipment after the stock was loaded and delays en route wholly unexplained, and that this was sufficient to raise an inference of negligence to take the case to the jury under the rule that slight evidence of negligence is sufficient. [See, also, Lay v. Railroad, 157 Mo. App. l. c. 473, 474, 138 S. W. 884.] So, in our recent case of Wyatt v. Railroad, 173 Mo. App. 210, 216, 217, 158 S. W. 720, there was unusual delay coupled with other circumstances. [See, also: Sloop v. Railway Co., 93 Mo. App. 605, 67 S. W. 956; Anderson v. Railway Co., 93 Mo. App. 677, 67 S. W. 707; Bushnell v. Railroad, 118 Mo. App. l. c. 627, 94 S. W. 1001; McCrary v. Railway Co., 109 Mo. App. l. c. 569, 570, 83 S. W. 82.]

In Wright v. Railroad, 118 Mo. App. l. c. 395, 396, 94 S. W. 555, the shipment of cattle was from Trimble, Missouri, to Chicago, Illinois, via Quincy, Illinois, and arrived too late for the day's market for which they were intended. The only evidence was that the

run from Trimble to Quincy required several more hours than the time usually required and that there was a delay of three or four hours between Quincy and Chicago. The opinion does not disclose that there was any evidence as to the cause of these delays. The court said: "Without further detail, we will say that there is no doubt but that plaintiff made a case for the jury on the question of the delay and the defendant's negligence." Without expressing an opinion as to the correctness of that decision under the facts detailed, as compared with later decisions mentioned herein, also Dalton v. Railway Co., 187 Mo. App. 691, 173 S. W. 77, we turn to a recent decision by the same court in Muir v. Railroad, 168 Mo. App. 542, 154 S. W. 877, a case in which plaintiff did not accompany his stock and in which there was an unusual delay, where the court, after asking the question: "Was it under such circumstances as tended to exclude every hypothesis except that of defendant's negligence?" used the following language: "It was shown that there were no accidents or trouble of any kind on the road; that the route between Windsor and North Jefferson was clear and open, no washouts or breakdowns, no difficulty of any kind; that the trains ran, *when they did run,* without a hitch of any kind; and all of this was shown by the agents and operatives of the defendant. The plaintiff knew nothing of what occurred on the way as he did not accompany the mules nor did anyone for him. It would seem that a delay occurring under this state of facts would be sufficient to raise an inference that negligence was the cause thereof."

In the case before us the operatives of the defendant, the persons best able to explain the unusual delay, did not testify. (It may be observed at this place that this case is not governed by the act of the General Assembly of 1913—Laws 1913, p. 177—wherein it is provided that proof of the failure to transport live stock within a reasonable time shall constitute prima-facie

proof of negligent delay in the transportation, and that the burden of proof shall then be upon the carrier to show that its failure was not due to its negligence. And this squares the law with common sense for its places the burden of explanation upon those who are in possession of every detail of the trip.)    The evidence in our case, given by witnesses who traveled over the same track, shows, as did the evidence in the Muir case, supra, that there were no wrecks, washouts or strikes. One of the plaintiffs testified that the passenger that night went through all right and that so far as he could see there was nothing on the road to cause delay to the shipment; and the other witness, who accompanied his stock as far as Crystal City, did not see anything to prevent the train from running at its usual rate. So we hold, as did the court in the Muir case, that an unusual delay occurring under this state of facts is sufficient to raise an inference that negligence was the cause thereof, and that the court properly overruled defendant's request for a peremptory instruction.

Appellant charges error in the instructions given. It must be conceded that plaintiffs' first instruction fails to require a finding of *negligent* delay as prerequisite to recovery, but permits a recovery upon a mere finding of delay.    The cases cited by appellant clearly show that in this kind of action the petition, the evidence and the finding must be based and grounded on more than delay, namely, *negligent delay*. This instruction standing alone, therefore, would constitute reversible error.    But under the facts of this case we do not believe the jury could have been misled. As before stated, the petition and evidence are sufficient in charging and proving a negligent delay.    The defendant carrier denied that there was any delay, negligent or otherwise, until the shipment reached the National Stock Yards when it undertakes by its evidence to justify the admitted delay thereafter in unloading on the ground that there were other trains

ahead of this one which were entitled to precedence in unloading before plaintiffs' cattle could be placed at the unloading chutes. Now in plaintiff's second instruction, which predicates a recovery as to this theory advanced by the defendant, a finding of negligence is clearly required; and defendant's instruction number 2 leaves it to the jury to say whether the delay in the stockyards caused by the congested conditions was a negligent act of the defendant. The only evidence offered by the defendant to explain the delay was to the effect that the congestion in the stockyards prevented an earlier delivery. Appellant complains in that plaintiffs' instruction number 2 and appellant's instruction number 2 are contradictory because plaintiffs' instruction is uncertain in not designating whether the "destination" means at the National Stock Yards or at the unloading chutes. However, appellant's instruction (number 2) clearly fixes the destination at the National Stock Yards. The evidence shows that the cars reached the stockyards at least three hours late. The instructions, read together, do not amount to misdirection. Taking the case made in the pleadings and by the evidence and bearing in mind the issue to be determined, together with the correct submission of the question of a negligent delay after the cattle reached the stockyards, we are convinced that the omission of the word "negligent" in plaintiffs' first instruction could not have been prejudicial. In answer to appellant's third contention it is sufficient to state that plaintiffs' instruction number 2 does not conflict with defendant's instruction number 2.

For the reasons herein appearing, the judgment is affirmed. *Sturgis, J.,* concurs; *Robertson, P. J.,* concurs in result.